No. 23-CV-07475 (AMD)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIA RUSCELLI,

                                        Plaintiff,

        -against-

THE DEPARTMENT OF EDUCATION OF THE CITY
OF NEW YORK

                                        Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for the Defendant
100 Church Street, Room 2-173
New York, N.Y. 10007

*Of Counsel:*   Madeleine A. Knutson
*Tel:*  (212) 356-2445


Matter No. 2023-099411

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................. iii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 2

        A. Vaccine Mandate Background ............................................................. 2

        B. Plaintiff's Employment and Exemption Requests ............................................................................ 4

ARGUMENT

    POINT I

        PLAINTIFF'S TITLE VII AND SHRL DISCRIMINATION AND FAILURE TO ACCOMMODATE CLAIMS FAIL TO STATE A CLAIM .............................................................................. 5

        A. Discrimination and Failure to Accommodate Claims under Title VII Fail ................................................. 5

        B. Discrimination and Failure to Accommodate Claims under the SHRL Fail ................................................. 8

    POINT II

        PLAINTIFF'S CHRL DISCRIMINATION AND FAILURE TO ACCOMMODATE CLAIMS FAIL TO STATE A CLAIM ............................................................ 9

        A. Discrimination ................................................................... 9

        B. Failure to Accommodate ................................................. 10

    POINT III

        PLAINTIFF'S 42 U.S.C. § 1983, FOURTEENTH AMENDMENT AND EDUCATION LAW §3020 and §3020-A CLAIMS MUST BE DISMISSED UNDER *RES JUDICATA* ....................................................... 11

POINT IV

    PLAINTIFF'S FAILS TO STATE A CLAIM
    UNDER THE FREE EXERCISE CLAUSE/FIRST
    AMENDMENT.......................................................................................... 14

POINT V

    PLAINTIFF FAILS TO STATE A CLAIM UNDER
    THE NEW YORK STATE CONSTITUTION......................................... 16

POINT VI

    PLAINTIFF FAILS TO STATE A STIGMA PLUS
    CLAIM................................................................................................... 17

POINT VII

    PLAINTIFF FAILS TO STATE FRAUD IN THE
    INDUCEMENT ...................................................................................... 19

POINT VIII

    PLAINTIFF'S CLAIMS SHOULD BE
    DISMISSED WITH PREJUDICE............................................................ 20

POINT IX

    DEFENDANT RESPECTFULLY REQUESTS
    THE COURT EXERCISE SUPPLEMENTAL
    JURISDICTION OVER PLAINTIFF'S STATE
    LAW CAUSES OF ACTION.................................................................. 20

CONCLUSION........................................................................................................ 21

# TABLE OF AUTHORITIES

**Cases**                                                                                         **Pages**

Adams v. N.Y. State Educ. Dep't,
   752 F. Supp. 2d 420 (S.D.N.Y. 2010)......................................................................18

Angell v. United States Army Corps of Eng'rs,
   149 Fed. Appx. 34 (2d Cir. 2005).........................................................................12

Arroyo v. Dep't of Educ.,
   No. 19 Civ. 7416 (ER), 2020 WL 4570380 (S.D.N.Y. Aug 6, 2020) ...............................17, 18

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)....................................................................................6, 10

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007).......................................................................................6

Bermudez v. City of New York,
   783 F.Supp.2d 560 (S.D.N.Y. 2011)........................................................................9

Bleiwas v. City of N.Y.,
   No. 15 Civ. 10046 (ER), 2017 WL 3524679 (S.D.N.Y. Aug. 14, 2017) ...............................17

Bonilla v. City of N.Y.,
   No. 22 Civ. 7113 (AT), 2023 WL 8372859 (S.D.N.Y. Dec. 4, 2023)......................................8

Broecker v. N.Y.C. Dep't of Educ.,
   573 F. Supp. 3d 878 (E.D.N.Y. 2021) ............................................................3, 4, 12, 13, 14

Broecker v. N.Y.C. Dep't of Educ.,
   No. 23-655, 2023 WL 7485465 (2d Cir. Nov. 13, 2023) .......................................................13

Broecker v. New York Dep't of Educ.,
   585 F. Supp.3d 299, 314-315 (E.D.N.Y. 2022).......................................................................11

Buckley v. New York,
   959 F. Supp. 2d 282 (E.D.N.Y. 2013) .......................................................................6

Burberry Ltd. v. Horowitz,
   No. 12 Civ. 1219(PAC), 2012 WL 5904808 (S.D.N.Y. Nov. 26, 2012)................................12

Campbell v. City of N.Y.,
   No. 20810/2019E, 2023 N.Y. Misc. LEXIS 18889 (Sup. Ct. Apr. 14, 2023).........................10

Catholic Charities of Diocese of Albany v. Serio,
   7 N.Y.3d 510 (2006)......................................................................................17

**Cases**                                                                                                    **Pages**

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)....................................................................................2, 6

Church of the Lukumi Babalu Aye, Inc. v. Hialeah,
    508 U.S. 520 (1993)........................................................................................15

City of Chicago v. Int'l Coll of Surgeons,
    522 U.S. 156 (1997)........................................................................................20

Cosme v. Henderson,
    287 F.3d 152 (2d Cir. 2002)............................................................................15

Crisci-Balestra v. Civil Serv. Employees Ass'n Inc.,
    No. 07-CV-1684 (JFB) (ETB), 2008 WL 413812 (E.D.N.Y. Feb. 13, 2008).........20

Cromwell v. County of Sac,
    94 U.S. 351 (1877)........................................................................................12

D'Cunha v. Northwell Health Sys.,
    No. 23-476-CV, 2023 WL 7986441 (2d Cir. Nov. 17, 2023)................................8

Diaz v. Judge Advocate Gen. of the Navy,
    413 Fed. App'x 342 (2d Cir. 2011)...................................................................11

EEOC v. JBS USA, LLC,
    115 F. Supp. 3d 1203 (D. Colo. 2015)...............................................................6

Employment Div., Dep't of Hum. Res. of Ore. v. Smith,
    494 U.S. 872 (1990)...................................................................................15, 16

F.F. v. State of N.Y.,
    66 Misc. 3d 467 (Sup. Ct. 2019).....................................................................16

Feingold v. New York,
    366 F.3d 138 (2d Cir. 2004)..............................................................................7

Freud v. N.Y.C. Dep't of Educ.,
    No. 1:21-cv-2281 (MKV), 2022 WL 889213 (S.D.N.Y. Mar. 25, 2022)...............21

Green v. Dep't of Educ.,
    No. 18 Civ. 10817 (AT) (GWG), 2019 WL 3432306 (S.D.N.Y. July 31, 2019) ...................18

Harewood-Bey v. Biden,
    No. 22-CV-1472 (LTS), 2022 WL 17832565 (S.D.N.Y. Dec. 19, 2022) ...............14

**Cases**                                                                                                           **Pages**

Henriquez-Ford v. Council of Sch. Supervisors & Adm'rs.,
    14-CV-2496 (JPO), 2016 WL 93863 (S.D.N.Y. Jan. 7, 2016)................................20

Jadallah v. N.Y.C. Dep't of Educ.,
    2023 U.S. Dist. LEXIS 670 (E.D.N.Y. Jan. 3, 2023) ..............................8

Javed v. Medgar Evers Coll. of the City Univ. of N.Y.,
    No. 15-cv-7424(FB)(ST), 2017 WL 4357138 (E.D.N.Y. Sep. 29, 2017) ...............6

JHW Greentree Capital, L.P. v. Whittier Tr. Co.,
    No. 05 Civ.2985 HB, 2005 WL 3008452 (S.D.N.Y. Nov. 10, 2005)....................19

Kane v. De Blasio,
    19 F.4th 152 (2d Cir. 2021) ..............................15

Kane v. De Blasio,
    623 F. Supp. 3d 339 (S.D.N.Y. 2022)..............................15

Koehler v. New York City,
    No. 04 Civ. 6929 (RMB), 2005 WL 3502042 (S.D.N.Y. Dec. 20, 2005) .............18

La Rocca v. Lane,
    37 N.Y.2d 575 (1975)..............................17

Lucente v. IBM,
    310 F.3d 243 (2d Cir. 2002)..............................20

Maniscalco v. Bd. of Educ. of the City Sch. Dist. of N.Y. City,
    2022 NYLJ LEXIS 399 (N.Y. Sup. Ct. Apr. 26, 2022)..............................10

Marciano v. De Blasio,
    589 F. Supp.3d 423,431-33 (S.D.N.Y. 2022) ..............................11

Marte v. Montefiore Med. Ctr.,
    No. 22-cv-03491 (CM), 2022 WL 7059182 (S.D.N.Y. Oct. 12, 2022)...................10

McElroy v Dept. of Educ. of the City of N.Y.,
    No. 160689/2017, 2019 WL 132532 (Sup. Ct., N.Y. Cnty. 2019)...........................9

Monahan v. N.Y.C. Dep't of Corr.,
    214 F.3d 275 (2d Cir. 2000)..............................12, 13, 14

Montana v. United States,
    440 U.S. 147 (1979)..............................12

| Cases | Pages |
|---|---|

Riley v. N.Y.C. Health & Hosps. Corp.,
  No. 22-cv-2736 (JGK), 2023 WL 2118073 (S.D.N.Y. Feb. 17, 2023) ...................................15

Ruffolo v. Oppenheimer & Co.,
  987 F.2d 129 (2d Cir. 1993)......................................................................................................20

Schlaifer Nance & Co., Inc. v. Estate of Andy Warhol,
  927 F. Supp. 650 (S.D.N.Y. 1996)...........................................................................................19

Southern Pacific R. Co. v. United States,
  168 U.S. 1 (1897)......................................................................................................................12

Sughrim v. New York,
  503 F. Supp. 3d 68 (S.D.N.Y. 2020).........................................................................................17

Taylor v. Sturgell,
  553 U.S. 880 (2008)............................................................................................................11, 12

Thomas v. Nat'l Ass'n of Letter Carriers,
  225 F.3d 1149 (10th Cir. 2000) ..................................................................................................6

Velez v. Levy,
  401 F.3d 75 (2d Cir. 2005)...................................................................................................17, 18

Wallen v. Teknavo Grp.,
  No. 12-CV-6196 (MKB) (SJB), 2019 WL 1435879 (E.D.N.Y. Mar. 30, 2019)......................7

We the Patriots USA, Inc. v. Hochul,
  17 F.4th 266 (2d Cir. 2021) ......................................................................................................11

White v. Andy Frain Servs., Inc.,
  629 F. App'x 131 (2d Cir. 2015) ................................................................................................9

White v. City of N.Y.,
  No. 13 Civ. 7156(ER), 2014 WL 4357466 (S.D.N.Y. Sep. 3, 2014)......................................18

**Statutes**                                                                    **Pages**

24 RCNY § 3.01(d)................................................................................3

42 U.S.C.S. § 2000e-2(a)......................................................................6

42 U.S.C.S. § 2000e et seq...................................................................5

42 U.S.C. §1983..................................................1, 8, 11, 13, 14, 17

N.Y. Education Law §3020.................................1, 11, 13,14, 19

N.Y. Education Law §3020-A ...........................1, 11, 13, 14, 19

N.Y. Exec. Law § 296............................................................................8

N.Y. Exec. Law § 296(3)(a)................................................................8

**Other Authorities**

Fed. R. Civ. P. 9(b) .............................................................................19

Fed. R. Civ. P. 12(b)(6)...................................................................2, 12

Fed. R. Civ. P. 41(b) ..........................................................................13

Fed. R. Civ. P. R9 ...............................................................................19

Fed. Rule Civ. Proc. 8(c) ...................................................................12

N.Y.C. Admin Code §8-107(3)(a) .......................................................1

New York State Constitution Article I §3...........................................16

## PRELIMINARY STATEMENT

Plaintiff Maria Ruscelli ("Plaintiff"), a former Department of Education ("DOE") teacher who decided to remain unvaccinated from COVID-19 commenced this action against Defendant DOE on October 5, 2023. Plaintiff brings this action under 42 U.S.C. § 1983, Title VII, Stigma Plus, First and Fourteenth Amendments of the United States Constitution, Education Law §3020 and §3020-A, the New York State Human Rights Law, N.Y.C. Admin Code §8-107(3)(a), "those parts of the New York State Constitution which similarly apply with like language" and "causes of action arising under New York State law." Plaintiff seeks injunctive relief and monetary relief, including past and ongoing economic loss, compensatory and punitive damages.

Plaintiff did not meet criteria for a religious exemption as her beliefs were deemed to be "personal, political, and philosophical." After failing to comply with the mandate, Plaintiff was ultimately terminated from her DOE position. This suit joins the litany of lawsuits challenging the validity and constitutionality of vaccine mandates, though the Second Circuit has already found the mandates to be both lawful and enforceable.

All of Plaintiff's claims contain a legal defect as pled, and as such must be dismissed. Her discrimination claims fail because Plaintiff does not allege facts that would allow the Court to draw an inference of discrimination. Plaintiff's 42 U.S.C. §1983, Fourteenth Amendment and Education Law §3020 and 3020a claims must be dismissed under *res judicata*. Plaintiff was a named plaintiff in a prior lawsuit that brought these exact claims based on the same operative nucleus of facts. To the extent pled, any Free Exercise claims must also be dismissed, as Courts have already ruled that the DOE vaccination mandate is facially neutral and supported by a rational basis. New York State Constitutional claims are not afforded a private right of action where federal remedies exist. Stigma Plus claims are not adequately pled, as the database in

question was not made public and there can be no stigma without public knowledge. The DOE has already established that unvaccinated teachers present an "undue burden," so failure to accommodate claims under the New York City Human Rights Law ("CHRL") and the New York State Human Rights Law ("SHRL") fail. Fraud in the inducement is not pled with the specificity required. Leave to amend could not cure these deficiencies, and as such the DOE now moves to dismiss the Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, with prejudice.

## STATEMENT OF FACTS[1]

### A.     Vaccine Mandate Background

On March 13, 2020, Mayor Bill de Blasio declared a state of emergency in New York City ("the City") to "remove any legal and regulatory barriers related to response efforts for COVID-19". Press Release, New York City, Mayor de Blasio Issues State of Emergency (March 13, 2020), https://www.nyc.gov/office-of-the-mayor/news/138-20/mayor-de-blasio-issues-state-emergency. By March 25, 2020, the New York City Commissioner of Health and Mental Hygiene (the "Commissioner") had declared a public health emergency in the City in response to the ongoing pandemic. See Order of the Commissioner of Mental Health and Hygiene to Require COVID-19 Vaccination for Department of Education Employees, Contractors, and Others (August 24, 2021), https://www.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe.pdf (hereinafter "DOE Mandate"). The Commissioner then ordered that it was

---

[1] This statement of facts is derived from the allegations in the Complaint. Plaintiff's factual allegations are assumed to be true only for the purposes of this motion to dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (court resolving motion to dismiss may consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action).

necessary for the health and safety of the City that he exercise the power delegated to the Board of Health by Section 3.01(d) of the Health Code. Id. Section 3.01(d) provides that the Commissioner may not only declare a public health emergency in response to an imminent or existing threat, but may also "establish procedures to be followed, issue necessary orders and take such actions as may be necessary for the health or the safety of the City and its residents". NY City Health Code (24 RCNY) § 3.01(d).

The U.S. Centers for Disease Control ("CDC") reported that vaccination is an effective tool to prevent the spread of COVID-19, and as a result several vaccine mandates followed. See DOE Mandate. New York State required that all healthcare workers, including hospital staff and nursing home staff, be vaccinated against COVID-19. Id. The CDC recommended that schoolteachers and school staff specifically be vaccinated "as soon as possible," noting that vaccination is "the most critical strategy" to have schools safely resume in-person learning. Id. As a result, the Commissioner required that all DOE staff, contractors and city employees working at a DOE site provide proof of vaccination no later than September 27, 2021. See DOE Mandate.

The New York State Public Employment Relations Board then appointed an arbitrator to negotiate the specific terms of the DOE Mandate between the United Federation of Teachers ("UFT") and the DOE. Broecker v. N.Y.C. Dep't of Educ., 573 F. Supp. 3d 878, 881 (E.D.N.Y. 2021). These negotiations resulted in a binding arbitration award (hereinafter, the "Arbitration Award Decision") which established: (1) a process for requesting exemptions and accommodations; (2) that employees could elect to resign from their positions in exchange for special benefits or extend their Leave Without Pay ("LWOP") with benefits through September 5, 2022 and (3) that employees who did not select either option would remain on LWOP, with health

insurance, until December 1, 2021, at which point DOE could begin to unilaterally terminate their employment. Broecker, 573 F. Supp. at 882. Plaintiff relied on these facts in bringing the claims alleged in the Complaint.

**B.    Plaintiff's Employment and Exemption Requests**

Plaintiff began teaching with the DOE in 2013, and thereafter earned tenure. See Compl. ¶ 16, 17. Plaintiff has not been vaccinated for COVID-19, notwithstanding the Mandates in place. See Compl. ¶ 18. Plaintiff contends that her personal religious beliefs prevent her from receiving the vaccine, which she falsely characterizes as "experimental"[2]. See Compl. ¶ 20, 35. On September 19, 2021, Plaintiff applied for a religious exemption from the Vaccine Mandates, citing "sincere and deeply held" religious beliefs. See Compl. ¶ 20. Plaintiff received a denial of her Religious Exemption Request on September 20, 2021. See Compl. ¶ 21.

On September 21, 2022, Plaintiff filed an appeal and was notified of a Zoom hearing to be held on September 24, 2022, before Arbitrator Sarah Miller Espinosa, Esq. See Compl. ¶ 22. At this hearing, Plaintiff reiterated her "personal religious beliefs" by reading a statement. See Compl. ¶ 23. However, these beliefs were characterized by the DOE as "personal, political, and philosophical", and as such did not qualify for the requested exemption. See Compl. ¶ 24. On October 1, 2021, Plaintiff was informed that as of October 4, 2021, she would no longer be permitted to enter the school building and would be placed on LWOP. See Compl. ¶ 25. She

---

[2] Full approval for the Pfizer BioNTech COVID-19 vaccine was granted on August 23, 2021, for individuals over the age of 16. See https://www.fda.gov/news-events/press-announcements/fda-approves-first-covid-19-vaccine. On January 31, 2022, Moderna's COVID-19 vaccine was also fully approved by the FDA, for individuals 18 and older. See https://www.fda.gov/news-events/press-announcements/coronavirus-covid-19-update-fda-takes-key-action-approving-second-covid-19-vaccine.

was also advised that her fingerprints had been entered into a DOE database which would prevent her from receiving a salary from the DOE and would note that she had engaged in misconduct. Id.

Following the denial of her appeal, Plaintiff applied for a religious exemption from the Citywide Panel. See Compl. ¶ 30. After some communication with the Division of Human Resources regarding additional documentation, a final decision was issued. See Compl. ¶ 33, 34. The final decision, dated February 15, 2022, stated that the "DOE has demonstrated that it would be an undue hardship to grant this accommodation to appellant given the need for a safe learning environment for in person learning." See Compl. ¶ 34. Given that Plaintiff had now reached the end of the appeals process, the DOE had no choice but to follow the process outlined in the Arbitration Award Decision and terminate her employment. On March 21, 2022, Plaintiff received notice of her termination, to be effective on March 17, 2022. See Compl. ¶ 35.

Plaintiff proceeded to file a claim with the EEOC and received a Right to Sue Letter on July 7, 2023. See Compl. ¶ 12, Ex. A. The EEOC was unable to conclude that the evidence established a violation of Title VII, and further stated that the Respondent, the DOE, had successfully illustrated that the requested accommodation would have constituted more than a "minimal hardship". See Compl. Ex. A.

## **ARGUMENT**

### **POINT I**

#### **PLAINTIFF'S TITLE VII AND SHRL DISCRIMINATION AND FAILURE TO ACCOMMODATE CLAIMS FAIL TO STATE A CLAIM**

**A.    Discrimination and Failure to Accommodate Claims under Title VII Fail**

Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., states that:

It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against,

any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin.

42 U.S.C.S. § 2000e-2(a). "In order to establish a *prima facie* Title VII claim, the Plaintiff must show that she: (1) is a member of a protected class; (2) was qualified for her position and satisfactorily performed her duties; (3) suffered an adverse employment action; and (4) the circumstances surrounding that action give rise to an inference of discrimination." Javed v. Medgar Evers Coll. of the City Univ. of N.Y., No. 15-cv-7424(FB)(ST), 2017 WL 4357138 (E.D.N.Y. Sep. 29, 2017) at *7 (citing Buckley v. New York, 959 F. Supp. 2d 282, 296 (E.D.N.Y. 2013)). "To satisfy the fourth prong, the plaintiff must allege facts 'sufficiently to plausibly suggest [a defendant's] discriminatory state of mind' and 'conclusory allegations are not entitled to the presumption of truth.'" Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "To survive a motion to dismiss, the complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Title VII also requires that employers "reasonably accommodate the religious practices of an employee or prospective employee, unless the employer demonstrates that accommodation would result in undue hardship on the conduct of its business." EEOC v. JBS USA, LLC, 115 F. Supp. 3d 1203 (D. Colo. 2015) (quoting Thomas v. Nat'l Ass'n of Letter Carriers, 225 F.3d 1149, 1155 (10th Cir. 2000)). It is upon this legal backdrop that Plaintiff brings both religious discrimination and failure to accommodate claims.

By the very nature of a motion to dismiss, we must assume Plaintiff's facts to be true. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002). Plaintiff has pled facts to support that she is a member of a protected class. Plaintiff included documents from a

clergyman at her church in her religious exemption requests submitted to the DOE, which are documents of which Plaintiff had knowledge and upon which Plaintiff relied in bringing the action.

Plaintiff also suffered an adverse employment action in that she was terminated by the DOE effective March 17, 2022. Termination is well established to be an adverse employment action. See Feingold v. New York, 366 F.3d 138, 152 (2d Cir. 2004).

The fourth prong is where the Plaintiff's *prima facie* case fails. The circumstances surrounding the action do not give rise to an inference of discrimination. Title VII discrimination claims have been dismissed where the plaintiff fails to allege that the decision maker in fact made the decision with discriminatory motive. Wallen v. Teknavo Grp., No. 12-CV-6196 (MKB) (SJB), 2019 WL 1435879 (E.D.N.Y. Mar. 30, 2019) at *9. Plaintiff pleads no facts to suggest that she was terminated due to her Christian faith. She was terminated because she declined the COVID-19 vaccine, which was required of *all* DOE employees. The Vaccine Mandates were equally applicable to everyone working at the DOE, excluding only those with valid religious or medical exemptions.

Even though Plaintiff may believe her religious exemption denials were related in some way to her Christian faith, in actuality no pleaded facts point in that direction. The EEOC was unable to conclude that the submitted evidence established a violation of Title VII, as stated in the July 7, 2023, EEOC Right to Sue Letter. See Comp. Ex. A. The EEOC found that respondent, the DOE, had "successfully illustrated that the granting of [the plaintiff's] requested accommodation would have been more than a minimal hardship under the circumstances." Id. The Right to Sue Letter also noted that "courts have found more than a minimal hardship where the requested accommodation impairs workplace safety," and specifically listed the spread of COVID-19 as an example. Id.

Courts have also found that an exemption from COVID-19 vaccine mandates would have posed an undue hardship. D'Cunha v. Northwell Health Sys., No. 23-476-CV, 2023 WL 7986441 at *1 (2d Cir. Nov. 17, 2023). In Bonilla v. City of New York, the plaintiff alleged hostility to her religious beliefs was the reason for her religious exemption denial, but the "bald assertions" were deemed insufficient to state a claim. No. 22 Civ. 7113 (AT), 2023 WL 8372859 at *5 (S.D.N.Y. Dec. 4, 2023). Here, Plaintiff's claims similarly read as "bald assertions." By the very evidence included as an exhibit to the Complaint, her request was denied for undue hardship. Because of this denial for a legitimate reason, Plaintiff's Title VII claims must be dismissed.

**B.**     **Discrimination and Failure to Accommodate Claims under the SHRL Fail**

In the Complaint, Plaintiff states that she intends to bring claims "which similarly apply with like language and together with this Court's pendent jurisdiction over causes of action arising under New York State laws, both common and statutory." See Compl. ¶ 1. We take this to mean that Plaintiff intends to assert claims under N.Y. Exec. Law § 296. N.Y. Exec, otherwise known as the SHRL. Law § 296. N.Y. Exec. Law § 296(3)(a) provides that "it shall be an unlawful discriminatory practice for any employer…to impose upon a person as a condition of obtaining or retaining employment… any terms or conditions that would require such person to violate or forego a sincerely held practice of his or her religion…" N.Y. Exec. Law § 296.  However, SHRL religious discrimination claims are subject to the same standards as her §1983 Title VII claims, and should be dismissed for the same reason, failure to adequately allege that her termination was motivated by her religious beliefs. Jadallah v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 670 at *13 (E.D.N.Y. Jan. 3, 2023).

## POINT II

## PLAINTIFF'S CHRL DISCRIMINATION AND FAILURE TO ACCOMMODATE CLAIMS FAIL TO STATE A CLAIM

### A.    Discrimination

To establish a *prima facie* case of discrimination, a plaintiff must show that (1) they are a member of a protected class (2) they were qualified to hold the position; (3) they suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. See McElroy v Dept. of Educ. of the City of N.Y., No. 160689/2017, 2019 WL 132532 at *2 (Sup. Ct., N.Y. Cnty. 2019). Although courts "construe CHRL claims more liberally than federal and state law claims, CHRL similarly only prohibits discrimination in the 'terms, conditions or privileges of employment' when such discrimination is 'because of' a protected characteristic." White v. Andy Frain Servs., Inc., 629 F. App'x 131, 133 (2d Cir. 2015). The analysis here is like that in Plaintiff's Title VII and SHRL claims, though with a more liberal standard. However, these claims still fail to meet the standard in the fourth prong of the *prima facie* case. There is no discriminatory intent inferable from the DOE carrying out the process set forth in the Arbitration Award Decision.

It has been established that it is insufficient to merely recite the "false syllogism: (1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)." Bermudez v. City of New York, 783 F.Supp.2d 560, 581 (S.D.N.Y. 2011). Here, Plaintiff does exactly that. She states that she is a practicing Christian, was denied a religious exemption and ultimately lost her job, and therefore, these actions occurred *because* of her religious affiliation, though no facts are pled to establish this causation. In fact, as supported by the documents referred to and included in the Complaint, there is a legitimate reason for her denial of a religious exemption and ultimate

termination. According to the Right to Sue Letter, the DOE did in fact demonstrate it would experience more than a minimal hardship from granting the request, thus her religious exemption was denied due to undue hardship. Her termination was the result of a process set forth in the Arbitration Award Decision. Here, Plaintiff only pleads conclusory allegations of discrimination, which is insufficient to state a claim. See Iqbal, 556 U.S. at 697.

**B.      Failure to Accommodate**

To establish a religious accommodation claim under the CHRL, a "plaintiff must demonstrate that 1) she has a bona fide religious belief that conflicts with an employment requirement; 2) she informed the employer of her belief; and 3) she was disciplined for failure to comply with the conflicting employment requirement. Campbell v. City of N.Y., No. 20810/2019E, 2023 N.Y. Misc. LEXIS 18889 at *7 (Sup. Ct. Apr. 14, 2023) (citing Marte v. Montefiore Med. Ctr., No. 22-cv-03491 (CM), 2022 WL 7059182 at *3 (S.D.N.Y. Oct. 12, 2022)). Here, we must accept the facts presented in the Complaint to be true, so element one, the bona fide religious belief, cannot be disputed. Element two is undisputed, as Plaintiff's employer was on notice of her religious beliefs from her religious exemption requests.

However, the third prong is where this allegation fails. Enforcement of the Vaccine Mandate is not a disciplinary action. Maniscalco v. Bd. of Educ. of the City Sch. Dist. of N.Y. City, 2022 NYLJ LEXIS 399 at *18. According to the Court in Maniscalco, "discipline refers not merely to an action that has an adverse impact on a tenured teacher, but rather, an action that has an adverse impact on a tenured teacher and is motivated by a punitive intent." Id. at *19. The Court goes on to say that the Vaccine Mandate did not have a punitive intent and the consequences for failing to comply with the Vaccine Mandate were not designed to be punitive. Id. In Maniscalco, the Court agreed with respondents "that employee vaccination status is not a disciplinary action, but rather an employment qualification." Id. at *20.

Other Courts in this circuit have found various vaccine mandates to be a proper condition of employment. See e.g., We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 294 (2d Cir. 2021) (holding that vaccination against COVID-19 was a proper condition of employment for healthcare workers); Broecker v. New York Dep't of Educ., 585 F. Supp.3d 299, 314-315 (E.D.N.Y. 2022) (holding that the DOE's Vaccine Mandate was a valid condition of employment for DOE employees); Marciano v. De Blasio, 589 F. Supp.3d 423,431-33 (S.D.N.Y. 2022) (concluding that the New York City Board of Health and the Commissioner for the New York City Department of Mental Health and Mental Hygiene have authority to require COVID-19 vaccination for New York City employees and contractors). Without discipline, there can be no failure to accommodate on religious grounds under the CHRL, and as such, Plaintiff's claims must be dismissed.

## POINT III

### PLAINTIFF'S 42 U.S.C. § 1983, FOURTEENTH AMENDMENT AND EDUCATION LAW §3020 AND §3020-A CLAIMS MUST BE DISMISSED UNDER *RES JUDICATA*

Plaintiff's claims under 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution and Education Law §3020 and §3020-A are barred by *res* judicata. The doctrine of *res judicata* is governed by federal common law and includes both claim preclusion and issue preclusion. Taylor v. Sturgell, 553 U.S. 880, 892 (2008). "Claim preclusion 'forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" Diaz v. Judge Advocate Gen. of the Navy, 413 Fed. App'x 342, 343 (2d Cir. 2011) (internal citation omitted). "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'" Id. Both issue preclusion and claim preclusion are affirmative defenses. See Fed.

Rule Civ. Proc. 8(c). Generally, "it is incumbent on the defendant to plead and prove such a defense." Taylor v. Sturgell, 553 U.S. at 907 (internal citation omitted).

It is long established that "[u]nder res judicata, a final judgement on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147 (1979) (citing Cromwell v. County of Sac, 94 U.S. 351, 352 (1877)). In fact, it was over a century ago that the Supreme Court stated in Southern Pacific R. Co. v. United States that,

> Enforcement of [res judicata] is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them.

Southern Pacific R. Co. v. United States, 168 U.S. 1, 48-49 (1897) (see also Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 286 (2d Cir. 2000)).

To establish *res judicata*, the moving party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Id. at 285. Res *judicata* "can be upheld on a Rule 12(b)(6) motion if it is clear from the face of the complaint that plaintiff's claims are barred." Angell v. United States Army Corps of Eng'rs, 149 Fed. Appx. 34, 36 (2d Cir. 2005) (summary order). Further, "to establish *res judicata*, the two actions must be based principally on the same nucleus of operative facts." Burberry Ltd. v. Horowitz, No. 12 Civ. 1219(PAC), 2012 WL 5904808 at *4 (S.D.N.Y. Nov. 26, 2012). As discussed below, the instant matter and the plaintiff's prior action, Broecker v. N.Y.C. Department of Education, are clearly based on the same nucleus of operative facts, namely the Vaccine Mandates. See generally Broecker, 573 F. Supp. 878.

In Broecker, a group of DOE teachers sued the DOE as well as several unions and arbitration defendants responsible for the UFT and DOE Arbitration Award Decision. Id. The plaintiff in the instant matter was among the 93 named plaintiffs in Broecker. Id. In Broecker, the plaintiffs sought to enjoin the DOE from "withholding pay from or terminating tenured principals, assistant principals and teachers who failed to obtain a first dose of the vaccine, apply for a religious or medical exemption, or extend their LWOP status while retaining health benefits." Broecker, 573 F. Supp. at 881. Essentially, these DOE employees sought to enjoin the DOE from enforcing the Arbitration Award Decision, which required DOE employees to either become vaccinated, apply for an exemption, extend LWOP or face termination. Violations of 42 U.S.C. § 1983, Fourteenth Amendments of the United States Constitution and Education Law §3020 and §3020-A are among the claims Plaintiff brings in the instant case.

Both the instant matter and Broecker rely on the same nucleus of common facts. In both cases, DOE employees sought to challenge the constitutionality of the Vaccine Mandates, among other claims, to avoid facing the consequences imposed by the Arbitration Award Decision.

In evaluating the required elements for *res judicata*, we first turn to whether the previous action "involved an adjudication on the merits." Monahan v. N.Y.C. Dep't of Corr. at 285. In Broecker, the defendant's motion to dismiss was granted in its entirety and later affirmed by the Second Circuit. Broecker v. N.Y.C. Dep't of Educ., No. 23-655, 2023 WL 7485465 (2d Cir. Nov. 13, 2023) (summary order). This judgment was surely on the merits, as the Federal Rules of Civil Procedure Rule 41(b) states that any dismissal "except for one for lack of jurisdiction, improper venue or failure to join a party…operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). We need not look further to satisfy this first element.

Secondly, res judicata requires that the previous action "involved the plaintiffs or those in privity with them." <u>Monahan v. N.Y.C. Dep't of Corr.</u> at 285. Here, Maria Ruscelli was a plaintiff in both <u>Broecker</u> and the instant matter, and as such, the second element is satisfied.

Thirdly, the defendants are tasked with showing that the claims asserted in the subsequent action were, or could have been, raised in the prior action. <u>Id</u>. The plaintiff employees in <u>Broecker</u> brought three categories of claims: (1) Due Process Clause claims under the Fourteenth Amendment; (2) Violation of statutory and contractual rights under §3020 and §3020-A; (3) Collusion and aiding and abetting under 42 U.S.C. § 1983. <u>Broecker</u>, 573 F. Supp. at 881. In this case, Plaintiff also brings claims under 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution and Education Law §3020 and §3020-A, among others. <u>See</u> Compl. ¶ 1-2. It is these three claims of Plaintiff's case that are barred by the doctrine of *res judicata*.

## POINT IV

### PLAINTIFF'S FAILS TO STATE A CLAIM UNDER THE FREE EXERCISE CLAUSE/FIRST AMENDMENT

The first amendment to the United States Constitution states that:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. CONST. amend. I. Constitutional claims including Free Exercise claims must be brought under 42 U.S.C. §1983. <u>Harewood-Bey v. Biden</u>, No. 22-CV-1472 (LTS), 2022 WL 17832565 at *3 (S.D.N.Y. Dec. 19, 2022). To state a claim under §1983, "plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." <u>Id</u>. (internal citations omitted). The protection of the free exercise of religion however, "does not relieve an

individual of the obligation to comply with a valid and neutral law of general applicability." <u>Riley v. N.Y.C. Health & Hosps. Corp.</u>, No. 22-cv-2736 (JGK), 2023 U.S. Dist. LEXIS 27562 at *11 (S.D.N.Y. Feb. 17, 2023) (<u>citing</u> <u>Employment Div., Dep't of Hum. Res. of Ore. v. Smith</u>, 494 U.S. 872, 879 (1990). A law violates the neutrality requirement if it singles out a religion or religious practice or targets religious conduct for distinctive treatment. <u>Riley v. N.Y.C. Health & Hosps. Corp.</u>, No. 22-cv-2736 (JGK), 2023 WL 2118073 at *5 (S.D.N.Y. Feb. 17, 2023) (<u>citing</u> <u>Church of the Lukumi Babalu Aye, Inc. v. Hialeah</u>, 508 U.S. 520, 531-32 (1993).

As in <u>Riley</u>, here Plaintiff pleads no facts suggesting that the vaccine mandate is not a neutral law of general applicability. The Vaccine Mandate, as described in the Complaint, does not single out any particular religion or religious practices, nor does it target religious conduct such as worshipping or prayer. The Second Circuit proclaimed that "[t]he Vaccine Mandate, in all its iterations, is neutral and generally applicable." <u>Kane v. De Blasio</u>, 19 F.4th 152, 166 (2d Cir. 2021). Without even bare allegations to support that the Vaccine Mandate was not neutral; the mandate is subject to rational basis review. <u>Riley v. N.Y.C. Health & Hosps. Corp.</u>, No. 22-cv-2736 (JGK), 2023 U.S. Dist. LEXIS 27562 at *11 (S.D.N.Y. Feb. 17, 2023). This standard requires only that the law be rationally related to the governmental interest. <u>Id</u>. The prevention of the spread of COVID-19, a potentially deadly disease, certainly qualifies as a governmental interest. <u>See Kane v. De Blasio</u>, 623 F. Supp. 3d 339, 357 (S.D.N.Y. 2022).

Plaintiff does not elaborate on what specifically constitutes the alleged First Amendment violation, but assuming *arguendo* that she believes the denial of the religious accommodation alone makes it non-neutral, case law does not support this assertion. Courts have stated that an employee is not entitled to the accommodation of their choice. <u>Cosme v. Henderson</u>, 287 F.3d 152, 158 (2d Cir. 2002). Further, an employer's failure to accommodate an employee's

religious activity does not itself constitute a violation of the Free Exercise Clause. See Employment Div. v. Smith, 494 U.S. 872, 879-880 (1990). As such, Plaintiff's Free Exercise claim must be dismissed.

**POINT V**

**PLAINTIFF FAILS TO STATE A CLAIM UNDER THE NEW YORK STATE CONSTITUTION**

Plaintiff includes in the Complaint that she brings claims under "those parts of the New York State Constitution which similarly apply." See Compl. ¶ 1. This claim lacks specificity, but for the purposes of this argument we will assume that Plaintiff intends to bring claims of free exercise and religious discrimination, which are analogous to her United States Constitution claims.

Article I §3 of the New York State Constitution (hereinafter, the "NYS Constitution") provides that "the free exercise and enjoyment of religious profession and workshop, without discrimination or preference, shall forever be allowed in this state." NY CLS Const Art I, § 3. However, the section continues to state that "the liberty of conscience hereby secured shall not be so construed to excuse…or justify practices inconsistent with the peace and safety of this state." NY CLS Const Art I, § 3. Vaccine mandates for children, even those not allowing for religious exemptions, have been upheld as not violating the Free Exercise Clause of the NYS Constitution. F.F. v. State of N.Y., 66 Misc. 3d 467, 487 (Sup. Ct. 2019).

In analyzing Free Exercise claims under the NYS Constitution, the Court of Appeals of New York has utilized a balancing test, noting:

> "Rather, we have held that when the State imposes 'an incidental burden on the right to free exercise of religion' [the Court] must consider the interest advanced by the legislation that imposes the burden, and that '[t]he respective interests must be balanced to determine whether the incidental burden is justified."

<u>Catholic Charities of Diocese of Albany v. Serio</u>, 7 N.Y.3d 510, 525 (2006) (<u>citing</u> <u>La Rocca v.</u> <u>Lane</u>, 37 N.Y.2d 575 (1975)). The Court in <u>Catholic Charities</u> goes on to say that "substantial deference is due the Legislature" when performing this balancing analysis. <u>Id.</u>

However, Courts in this Circuit have held that no private right of action under the New York State Constitution exists where there is an alternative remedy under 42. U.S.C. § 1983. <u>Sughrim v. New York</u>, 503 F. Supp. 3d 68 at *99 (S.D.N.Y. 2020); <u>see</u> <u>also</u> <u>Bleiwas v. City of</u> <u>N.Y.</u>, No. 15 Civ. 10046 (ER), 2017 WL 3524679 at *11 (S.D.N.Y. Aug. 14, 2017). In the instant case, Plaintiff has already brought claims under 42. U.S.C. § 1983 and is therefore barred from asserting claims under the NYS Constitution. Even in the alternative, should the Court determine that a private right of action does exist, the vaccine mandates have been deemed lawful and enforceable and if subject to a balancing analysis should be found to have validly advanced a state interest.

**POINT VI**

**PLAINTIFF FAILS TO STATE A STIGMA PLUS CLAIM**

Plaintiff asserts in the Complaint that she brings claims under Stigma Plus yet does not elaborate further on which facts support this claim. <u>See</u> Compl. ¶ 1. For the purposes of this analysis, we assume that her Stigma Plus claims relate the placement of Plaintiff on the "problem code" database (hereinafter, the "Database"), as she alleges that by being placed in the Database she was "wrongfully, maliciously, and in bad faith terminated and stigmatized permanently." <u>See</u> Compl. ¶ 4. The Database also prevented Plaintiff from "getting a salary for any position at the Department." <u>See</u> Compl. ¶ 3. The Court explains in <u>Arroyo v. Dep't of Educ.</u>, No. 19 Civ. 7416 (ER), 2020 WL 4570380, at *13 (S.D.N.Y. Aug 6, 2020), (<u>citing</u> <u>Velez v. Levy</u>, 401 F.3d 75, 87 (2d Cir. 2005) that:

> The Second Circuit has determined that a plaintiff can bring a stigma plus claim, alleging that the stigma suffered amounts to a constitutionally recognized deprivation of liberty without due process, if she successfully 'allege[s] (1) the utterance of a statement about her that is injurious to her reputation, that is capable of being proved false, and that he or she claims is false, and (2) some tangible and material state-imposed burden . . . in addition to the stigmatizing statement.'

First, we note that to plead Stigma Plus claims, the Database must be made public to future employers. The Court in <u>Arroyo</u> dismissed Stigma Plus Due Process Claims where the Plaintiff failed to "allege facts that the list is made public to future potential employers." No. 19 Civ. 7416 (ER), 2020 WL 4570380, at *14 (<u>citing</u> <u>White v. City of N.Y.</u>, No. 13 Civ. 7156(ER), 2014 WL 4357466 at *13 (S.D.N.Y. Sep. 3, 2014)). Exhibit G to Plaintiff's Complaint states that Database records are available to DOE's Office of Personnel Investigations and schools which offer DOE-funded positions. <u>See</u> Compl. Ex. 6. While Plaintiff claims that access was granted to non-DOE school personnel who inquired by telephone as to a teacher's Database status, we find that other Courts have also held that teachers failed to state a Stigma Plus claim when placed on this same DOE Database. <u>See</u> <u>Green v. Dep't of Educ.</u>, No. 18 Civ. 10817 (AT) (GWG), 2019 WL 3432306 (S.D.N.Y. July 31, 2019); <u>Adams v. N.Y. State Educ. Dep't</u>, 752 F. Supp. 2d 420 (S.D.N.Y. 2010). As stated in <u>Arroyo</u>, being placed in the database did not foreclose the Plaintiff from securing employment outside of the DOE. No. 19 Civ. 7416 (ER), 2020 WL 4570380, at *14 (<u>citing</u> <u>Koehler v. New York City</u>, No. 04 Civ. 6929 (RMB), 2005 WL 3502042, at *3 (S.D.N.Y. Dec. 20, 2005)).

Second, as stated above in <u>Arroyo</u>, the statement in question must be "capable of being proved false, and that he or she claims is false." No. 19 Civ. 7416 (ER), 2020 WL 4570380, at *13 (<u>citing</u> <u>Velez v. Levy</u>, 401 F.3d 75, 87 (2d Cir. 2005). Here, Plaintiff pleads no such facts. She was placed in the Database because of her refusal to follow DOE policy and take the FDA-

-18-

approved COVID-19 vaccine. Plaintiff has established that becoming vaccinated was a DOE policy, and that she did not comply. See Compl. ¶ 18, 19. As such, the cause for her placement is the database was not false and could not be proved false. For these reasons, Plaintiff's Stigma Plus claims must be dismissed.

## POINT VII

### PLAINTIFF FAILS TO STATE FRAUD IN THE INDUCEMENT

Plaintiff also brings claims for fraud in the inducement to deny Plaintiff her property and liberty rights to a Due Process hearing as a tenured teacher mandated by Education Law §3020 and §3020-A. Fraud pleadings are considered a special pleading matter, governed by the Federal Rules of Civil Procedure R9. Fed. R. Civ. P. 9(b). The rule states that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Id. The rules continue to state that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id. Case law has established that under this heightened pleading standard for fraud and fraud in the inducement, the Plaintiff must plead allegations of "1) a material false representation or omission of an existing fact, 2) made with knowledge of its falsity, 3) with an intent to defraud, and 4) reasonable reliance, 5) that damages Plaintiff." JHW Greentree Capital, L.P. v. Whittier Tr. Co., No. 05 Civ.2985 HB, 2005 WL 3008452 at *9 (S.D.N.Y. Nov. 10, 2005) (citing Schlaifer Nance & Co., Inc. v. Estate of Andy Warhol, 927 F. Supp. 650, 660 (S.D.N.Y. 1996).

In the instant matter, Plaintiff does not state in any particularity the circumstances constituting the fraud. It is not specified who committed the fraud, what the fraudulent acts were or when and where the fraud took place. Though malice, intent, knowledge and other conditions of a person's mind may be alleged generally, in this Complaint they are not alleged at all. Plaintiff

makes no mention of all five elements required for fraud or fraud in the inducement. There is no materially false representation or omission, no knowledge of its falsity, no demonstrated intent to defraud and no reasonable reliance causing damage to the Plaintiff. As such, all fraud or fraud in the inducement claims must be dismissed.

## POINT VIII

### PLAINTIFF'S CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

Plaintiff has now twice filed a Complaint around the same nucleus of facts with overlapping claims. Even though the Plaintiff is *pro se*, and should be afforded a "liberal reading of the complaint," See Henriquez-Ford v. Council of Sch. Supervisors & Adm'rs., 14-CV-2496 (JPO), 2016 WL 93863, at *2 (S.D.N.Y. Jan. 7, 2016) (citing Crisci-Balestra v. Civil Serv. Employees Ass'n Inc., No. 07-CV-1684 (JFB) (ETB), 2008 WL 413812 at *6 (E.D.N.Y. Feb. 13, 2008)), Courts have held that it is not an abuse of discretion to deny leave to amend where it appears that granting leave to amend is unlikely to be productive. See Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002) (citing Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). We respectfully ask the Court that given the above enumeration of the Plaintiff's failure to state any viable claims, the Complaint be dismissed in its entirety with prejudice.

## POINT IX

### DEFENDANT RESPECTFULLY REQUESTS THE COURT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CAUSES OF ACTION

This Court should exercise supplemental jurisdiction over Plaintiff's SHRL, CHRL and New York State Constitution claims. Courts may dismiss state claims on the merits in the interest of judicial economy. See City of Chicago v. Int'l Coll of Surgeons, 522 U.S. 156, 173 (1997) (internal citation omitted) ("when deciding whether the exercise supplemental jurisdiction,

'a federal court should consider and weigh…the values of judicial economy, convenience, fairness and comity'"). Courts have dismissed federal, SHRL, and CHRL claims all on motion to dismiss in federal court. See Freud v. N.Y.C. Dep't of Educ., No. 1:21-cv-2281 (MKV), 2022 WL 889213 (S.D.N.Y. Mar. 25, 2022). As such, Defendant believes that this Court should do the same here, in the interest of judicial economy.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that its Motion to Dismiss the Complaint be granted in its entirety, that judgment in favor of Defendant be entered, and that Defendant be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.


Dated:      New York, New York
            December 29, 2023


                         **HON. SYLVIA O. HINDS-RADIX**
                         Corporation Counsel of the City of New York
                         Attorney for City Defendants
                         100 Church Street, Room 2-173
                         New York, New York 10007
                         (212) 356-2445
                         mknutson@law.nyc.gov


                    By:  _____/s/ Madeleine A. Knutson_____
                              Madeleine A. Knutson, Esq.
                              Assistant Corporation Counsel


                    By:  _____/s/ Roosevelt B. Ettienne_____
                              Roosevelt B. Ettienne, Esq.
                              Assistant Corporation Counsel