No. 23-CV-07475 (AMD) (LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARIA RUSCELLI,

                                             Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK,

                                             Defendant.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

**HON. SYLVIA O. HINDS-RADIX**

*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-173
New York, N.Y. 10007

*Of Counsel:* Madeleine A. Knutson
*Tel:* (212) 356-2445

Served March 21, 2024

Matter No. 2023-099411

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

    POINT I

        PLAINTIFF STILL FAILS TO STATE CLAIMS FOR DISCRIMINATION ............................................................ 2

    POINT II

        ALL FAILURE TO ACCOMMODATE CLAIMS FAIL TO STATE A CLAIM .................................................................. 4

    POINT III

        *RES JUDICATA* BARS PLAINTIFF'S 42 U.S.C. § 1983, 14TH AMENDMENT AND EDUCATION LAW § 3020 AND §3020-A CLAIMS ........................................................ 6

    POINT IV

        THE VACCINE MANDATE WAS CONSTITUTIONAL PERMISSIBLE, HAS STATUTORY AUTHORITY AND IS NEUTRAL AND GENERALLY APPLICABLE ............................................................. 7

    POINT V

        STIGMA PLUS CLAIM FAILS TO STATE A CLAIM .......................................................................................................... 8

    POINT VI

        PLAINTIFF FAILS TO PLEAD FRAUD IN THE INDUCEMENT ................................................................................. 8

    POINT VII

        PUNITIVE DAMAGES CANNOT BE RECOVERED FROM DEFENDANT AND INJUNCTIVE RELIEF IS NOT WARRANTED ...................................... 9

|  | **Page** |
|---|---|
| CONCLUSION | 10 |
| CERTIFICATE OF COMPLIANCE | 11 |

## TABLE OF AUTHORITIES

**Cases** **Pages**

Adams v. N.Y. State Educ. Dep't,
　752 F. Supp. 2d 420 (S.D.N.Y. 2010)..................................................................................8

Beickert v. N.Y.C. Dep't of Educ.,
　2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. 2023)................................................................5

Broecker v. N.Y.C. Dep't of Educ.,
　573 F. Supp. 3d 878 (E.D.N.Y. 2021) .................................................................2, 3, 6, 7, 9

In re City of N.Y.,
　228 N.Y. 140 (1920) ............................................................................................................7

Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton,
　841 F.3d 133 (2d Cir. 2016)...............................................................................................10

Green v. Dep't of Educ.,
　2019 U.S. Dist. LEXIS 127545 (S.D.N.Y. 2019)................................................................8

Guettlein v. United States Merch. Marine Acad.,
　577 F. Supp. 3d 96 (E.D.N.Y. 2021) .................................................................................10

Matter of Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
　220 A.D.3d 416 (1st Dept. 2023)........................................................................................5

Kane v. De Blasio,
　623 F. Supp. 3d 339 (S.D.N.Y. 2022)....................................................................3, 4, 7, 8, 9

Matter of Lebowitz v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
　220 A.D.3d 537 (1st Dept. 2023)........................................................................................5

Matter of Lynch v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
　221 A.D.3d 456 (1st Dept. 2023)........................................................................................5

Marciano v. De Blasio,
　589 F. Supp. 3d 423 (S.D.N.Y. 2022).................................................................................7

Marsteller v. City, et al.,
　217 A.D.3d 543 (1st Dept. 2023)........................................................................................5

Masciarelli v. New York City Dep't of Educ.,
　No. 22-cv-07552 (E.D.N.Y. 2023) .....................................................................................2

Monahan v. N.Y.C. Dep't of Corr.,
　214 F.3d 275 (2d Cir. 2000)................................................................................................6

**Cases**                                                                                                         **Pages**

O'Brien v. City of N.Y., Dep't of Educ.,
  2023 U.S. Dist. LEXIS 141745 (E.D.N.Y. 2023)..................................................................10

Matter of O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y.,
  213 A.D.3d 560 (1st Dept. 2023).........................................................................................3, 9

Sadallah v. City of Utica,
  383 F.3d 34 (2d Cir. 2004)......................................................................................................8

TechnoMarine SA v. Giftports, Inc.,
  758 F.3d 493 (2d Cir. 2014)....................................................................................................6

We the Patriots USA, Inc. v. Hochul,
  17 F.4th 266 (2d Cir. 2021) ..................................................................................................10

Williams v. Wellness Med. Care, P.C.,
  2013 U.S. Dist. LEXIS 139626 (S.D.N.Y. 2013)....................................................................4

**Statutes**

42 U.S.C. § 1983................................................................................................................1, 6

Fed. R. Civ. P. 9(b) ..................................................................................................................9

N.Y.C. Charter 556 ..................................................................................................................7

N.Y. Educ. Law § 3020 .......................................................................................................1, 6

N.Y. Educ. Law § 3020-A ...................................................................................................1, 6

**PRELIMINARY STATEMENT**

In Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp."), Plaintiff does not raise any colorable arguments to avoid dismissal. Other than reiterating bare conclusions, Plaintiff fails to raise an inference of discrimination or show that Defendant acted with discriminatory intent. Plaintiff's failure to accommodate claims must be dismissed because the New York City Department of Education ("DOE") demonstrated that it would face an undue burden in granting the requested accommodation. Plaintiff's 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution and Education Law §3020 and §3020-A are barred by *res judicata* because any additional facts and issues included in the present suit could have been raised in the prior action. The Opposition relies on broad recitations of Constitutional rights, while failing to address cited case law establishing that the Vaccine Mandate had statutory authority, was constitutionally permissible and was found to be neutral and generally applicable. Plaintiff's Stigma Plus claim fails to establish that her placement on the DOE Database was based on false information, and courts have already ruled that plaintiffs failed to state a Stigma Plus claim when alleging placement on the same DOE Database. Plaintiff's fraud claim fails to establish that Defendant made any materially false representation with knowledge of its falsity and an intent to defraud.

Accordingly, as discussed below and in Defendant's initial moving papers, the Complaint should be dismissed in its entirety with prejudice.

# ARGUMENT[1]

## POINT I

### PLAINTIFF STILL FAILS TO STATE CLAIMS FOR DISCRIMINATION

Plaintiff's discrimination claims under Title VII, SHRL, and CHRL should be dismissed because she fails to establish an inference of discrimination. Plaintiff's statement that the DOE has a "well-documented history of religious intolerance toward employees who sought a religious accommodation for the COVID-19 Vaccine Mandate," quoting the opposition brief in Masciarelli v. New York City Department of Education,[2] does not support an inference of discrimination because the plaintiff in that case cited nothing to support this conclusory and absurd proclamation, a litigant's argument contains no precedential value, and, more importantly, Plaintiff's Complaint alleges no facts to support such a claim. See Opp. at 11-12. In the present case, Plaintiff offers nothing more than conclusory allegations that do not support any of her claims of discrimination.

Plaintiff argues that the "Scheinman Award" was discriminatory and, therefore, she has alleged "invidious discriminatory animus." See Opp. at 12, 14. However, Plaintiff does not have standing to challenge any aspect of the Impact Arbitration Award that was issued by Martin Scheinman, the mediator appointed by the DOE, City of New York and United Federation of Teachers' union. See Broecker v. N.Y.C. Dep't of Educ., 573 F. Supp. 3d 878, 886 (E.D.N.Y.

---

[1] Defendant relies upon the exhibits annexed to the Declaration of Assistant Corporation Counsel Madeleine A. Knutson in Support of Defendant's Reply to Defendant's Motion to Dismiss the Complaint, dated March 21, 2024 ("Knutson Declaration").

[2] See Plaintiff's Memorandum of Law in Opposition to the Defendant's Motion to Dismiss at 1, Masciarelli v. New York City Dep't of Educ., No. 22-cv-07552 (E.D.N.Y. Aug. 14, 2023), attached as Ex. 1 to the Knutson Declaration.

2021) (noting that it was "dubious" whether plaintiffs had standing to challenge Impact Arbitration Award); see also Matter of O'Reilly v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 213 A.D.3d 560, 561 (1st Dept. 2023) (holding that petitioners lacked standing to challenge the Impact Arbitration Award). Further, Plaintiff does not indicate how or why the language in the Impact Arbitration Award raises a "discriminatory inference" when it was not issued by the DOE and the arbitrator was an independent third party. Simply using the phrase "discriminatory inference" does not establish such an inference.

Plaintiff also argues that she "submitted facts to show that she was terminated solely because of her religious beliefs." Opp. at 13. Specifically, Plaintiff claims that she alleged that she was "suddenly" put on Leave Without Pay ("LWOP"), was flagged with a "Problem Code," and "blocked from ever getting a job with Defendant due to the Stigma now attached to her file, solely because of her religious beliefs." Id. This argument should be rejected because the "clear object" of the Vaccine Mandate was to "reduce the spread of COVID-19 in New York's schools and permit them to open," see Kane v. De Blasio, 623 F. Supp. 3d 339, 346 (S.D.N.Y. 2022), not to punish individuals for their religious beliefs. None of the alleged adverse actions that Plaintiff identified occurred because of her religious beliefs. They, instead, were the result of Plaintiff's refusal to get vaccinated pursuant to a lawful policy to protect public health.

Plaintiff's placement on LWOP and subsequent termination was far from sudden. The pre-and post-deprivation processes available to Plaintiff, as described in the Court's November 24, 2021, Order, were made known to Plaintiff well in advance of any action by the DOE, and were and are available through her union and through established state procedures. See Broecker, 585 F. Supp. 3d at 312. DOE employees received advanced notice of the Vaccine Mandate, their ability to seek religious and medical exemptions and appeals, their placement on LWOP for

3

noncompliance with the Vaccine Mandate, their options and opportunities to respond, and of the DOE's intention to seek termination for continued noncompliance. Id. at 313.

Plaintiff further argues that the criteria used to evaluate religious accommodation requests by the "SAMS panel and the Citywide Panel" were a "mystery," and that her opposition has shown "animus and discrimination against the unvaccinated Plaintiff because anything could be used against her." Opp. at 17. Courts, however, have confirmed that the Impact Arbitration Award, which was available to Plaintiff, set forth criteria for religious exemptions. See Kane, 623 F. Supp. 3d at 348. Plaintiff admits she submitted the documentation for the appeals process. See Compl. ¶ 22. Further, Plaintiff does not allege that she was treated any differently by the "SAMS" or "Citywide Panel" because of her alleged religious beliefs.

Plaintiff's belief that she was being discriminated against is insufficient to survive a motion to dismiss. See Williams v. Wellness Med. Care, P.C., 2013 U.S. Dist. LEXIS 139626 (S.D.N.Y. 2013) ("without sufficient facts, even the most sincerely held beliefs do not comprise a sufficient basis for withstanding a 12(b)(6) attack."). Plaintiff also asserts, for the first time, that testing and quarantine requirements are discriminatory. See Opp. at 12. None of these statements show that the Vaccine Mandate or LWOP policy were implemented with any animus towards religion. As such, discrimination claims are still inadequately pled and should be dismissed.

## POINT II

### ALL FAILURE TO ACCOMMODATE CLAIMS FAIL TO STATE A CLAIM

Plaintiff appears to argue that the issue of whether the DOE sustained an undue burden is a question of fact because "Defendant never gave Plaintiff any details of why her

4

religious exemption and accommodation were denied, nor was there ever a cooperative dialogue."[3] Opp. at 21, 23. Plaintiff's argument that she was not given any "details" or provided an explanation of the DOE's undue burden should be rejected because Plaintiff admits she was informed by the Citywide Panel that after careful review of her "Agency's determination, all the documentation submitted to the agency and the additional information" she submitted with her appeal that the DOE had demonstrated that granting Plaintiff's exemption "would be an undue hardship….given the need for a safe environment for in person learning." See Compl. Ex. F. Further, allowing Plaintiff, an unvaccinated teacher, to teach while unvaccinated is an undue hardship as a matter of law. See Beickert v. N.Y.C. Dep't of Educ., 2023 U.S. Dist. LEXIS 170719, at *11 (E.D.N.Y. 2023) (finding that the DOE could not accommodate an unvaccinated teacher without suffering an undue hardship.).

Plaintiff's argument that Defendant did not engage in a cooperative dialogue is belied by the fact that she, admittedly, submitted an appeal and had the opportunity to submit any documentation she chose in support of her appeal. See Compl. ¶ 22. New York state courts have held that this satisfies the cooperative dialogue requirement. See Marsteller v. City, et al., 217 A.D.3d 543, 545 (1st Dept. 2023); see also Matter of Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 220 A.D.3d 416 (1st Dept. 2023); Matter of Lebowitz v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 220 A.D.3d 537 (1st Dept. 2023); Matter of Lynch v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 221 A.D.3d 456 (1st Dept. 2023).

As a result, Plaintiff's failure to accommodate claims should be dismissed.

---

[3] Plaintiff asserts that she was "misled…and thought religious exemption was the same as a religious accommodation." Opp. at 14. Plaintiff does not elaborate on the significance of this distinction.

## POINT III

### *RES JUDICATA* BARS PLAINTIFF'S 42 U.S.C. § 1983, 14TH AMENDMENT AND EDUCATION LAW § 3020 AND §3020-A CLAIMS

Plaintiff argues that *res judicata* does not apply to her claims pursuant to 42 U.S.C. § 1983, the 14th Amendment, and Education Law §§ 3020 and 3020-A because the prior dismissed case "did not have the Problem Code as a stated claim, and did not argue the protections guaranteed to a charged employee under Education Law § 3020 and § 3020-a in sufficient particularity as to make a valid claim." Opp. at 8, 23. Plaintiff further argues that the inclusion of the Problem Code "changes everything, and makes her case difference from any other . . . ." Id. at 8. These arguments are unavailing because *res judicata* applies when "the claims asserted in the subsequent action were, or could have been, raised in the prior action." See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 499 (2d Cir. 2014) (citing Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000). Plaintiff's new arguments with respect to Education Law § 3020 and § 3020-a could have been raised in Broecker but, were not. In any event, the court in Broecker unequivocally held that "failure to satisfy a qualification of employment…does not implicate the disciplinary procedures set forth in N.Y. Educ. Law §§ 3020, 3020-a." Broecker, 585 F. Supp. 3d at 318.

The additional fact that Plaintiff was placed on the DOE Database, which she states she learned about on February 8, 2022 (Opp. at 7), does not create a claim that did not exist when Broecker was dismissed. Any claims arising as a result of Plaintiff's placement on the Database could have been brought in Broecker. As such, *res judicata* bars this claim.

## POINT IV

### THE VACCINE MANDATE WAS CONSTITUTIONAL PERMISSIBLE, HAS STATUTORY AUTHORITY AND IS <u>NEUTRAL AND GENERALLY APPLICABLE</u>

Plaintiff relies on broad recitations of Constitutional rights in an effort to establish that the Vaccine Mandate violated these rights. <u>See</u> Opp. at 3, 17, 18. However, Plaintiff ignores case law holding that no constitutional violations were found when the COVID-19 Vaccine Mandate was required for DOE employees. <u>See</u> <u>Broecker</u>, 585 F. Supp. 3d at 312 (finding that the pre-and post-deprivation process that plaintiffs were afforded during the Vaccine Mandate process were constitutionally adequate); <u>see also</u> <u>Kane</u>, 623 F. Supp. 3d at 364 (Second Circuit found the DOE Vaccine Mandate did not violate Constitutional rights).

Plaintiff also argues that the DOE Vaccine Mandate lacked statutory authority, and cites <u>In re City of N.Y.</u>, which held that where there is "substantial doubt concerning the existence of an alleged power in a municipality, the power should be denied." <u>In re City of N.Y.</u>, 228 N.Y. 140, 152 (1920); <u>see also</u> Opp. at 26. Here, there is no doubt, the Vaccine Mandate had statutory authority. "[A]s recent case law has made clear, the Commissioner and the Board's authority to issue the sort of vaccination requirement at issue here is firmly established." <u>Marciano v. De Blasio</u>, 589 F. Supp. 3d 423, 431 (S.D.N.Y. 2022). It is the New York City Charter which entrusts in the New York City Board of Health and the Commissioner for the New York City Department of Health and Mental Hygiene the authority "to regulate all matters affecting health in the City of New York." <u>See</u> NYC Charter 556; <u>see also</u> <u>Marciano</u>, 589 F. Supp. 3d at 431.

Plaintiff further asserts that "the processes used by Defendant to try and convince this Court of the alleged neutrality…of the denials of religious exemptions are bogus, fraudulent

7

and deceitful." Opp. at 8. The Second Circuit has proclaimed that the Vaccine Mandate is neutral and generally applicable. See Kane, 19 F.4th at 164.

## POINT V

### STIGMA PLUS CLAIM FAILS TO STATE A CLAIM

The alleged placement on the DOE Database cannot serve as the basis of a Stigma Plus claim. See Green v. Dep't of Educ., 2019 U.S. Dist. LEXIS 127545 (S.D.N.Y. 2019); see also Adams v. N.Y. State Educ. Dep't, 752 F. Supp. 2d 420 (S.D.N.Y. 2010). Moreover, Plaintiff cannot sustain a Stigma Plus claim because she admits that she was placed on the DOE Database after she was placed on LWOP due to her refusal to comply with the Vaccine Mandate. See Compl. ¶¶ 18, 25. Without a demonstrable false statement, Plaintiff's Stigma Plus claim fails to state a claim. See Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004).

## POINT VI

### PLAINTIFF FAILS TO PLEAD FRAUD IN THE INDUCEMENT

Plaintiff raises three arguments for why she has adequately pled fraud in the inducement. First, Plaintiff argues that "Defendant committed fraud on the employees who applied for religious exemptions starting in 2020, when the Defendant made a secret deal with the UFT to change the terms of employment as well as the articles in the contract (CBA) for employees without these issues ever being brought to any employee . . . ." Opp. at 26. Second, Plaintiff argues that Defendant gave "false hope to more than 1000 employees as they were told they could apply for religious exemptions from first the Scheinman SAMS Arbitrators, and then the Citywide Panel. Both Panels were bogus in terms of state and Federal Law. Denials were pre-set." Id. Third, Plaintiff argues that the "Scheinman's September 10, 2021 Award was a fraud because he wrote that LWOP . . .

8

was 'not' disciplinary, but it most certainly was disciplinary because of the very secret placement of all unvaccinated employees onto the problem code." Opp. at 27.

Plaintiff's first argument should be rejected because, as set forth above, Plaintiff does not have standing to challenge the Impact Arbitration Award. See Matter of O'Reilly, 213 A.D.3d at 561. Even assuming Plaintiff could challenge the Impact Arbitration Award as fraudulent, she has not joined a necessary party: the UFT. Id. Further, the Impact Arbitration Award was not "secret" because its terms are publicly available. See Broecker, 585 F. Supp. 3d at 312.

Plaintiff's second argument should be rejected because she does not meet the heightened pleading requirements necessary to allege fraud. See Fed. R. Civ. P. 9(b). Specifically, Plaintiff does not allege any facts to support her claim that "Denials were pre-set," much less who decided they were "pre-set," when the decision to deny was "pre-set," and where the decision to deny was "pre-set." With respect to the "SAMS arbitrators," any claim of fraud is undermined by the fact that some accommodations were granted. See Kane, 623 F. Supp. 3d at 362.

Plaintiff's third argument should be rejected because there is ample case law holding that enforcement of the Vaccine Mandate was not disciplinary. It was Plaintiff's own prior case where the Eastern District of New York held that "[t]he termination of NYC DOE employees who failed to comply with the COVID-19 vaccination condition of employment [was] not disciplinary." Broecker, 585 F. Supp. 3d at 318.

### POINT VII

**PUNITIVE DAMAGES CANNOT BE RECOVERED FROM DEFENDANT AND INJUNCTIVE RELIEF IS NOT WARRANTED**

Plaintiff seeks "injunctive relief and punitive damages for Defendant's deliberate discrimination against her solely because of her religious beliefs." Opp. at 10. "When, as here, a

9

preliminary injunction 'will affect government action taken in the public interest pursuant to a statute or regulatory scheme,' the moving party must demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction." Guettlein v. United States Merch. Marine Acad., 577 F. Supp. 3d 96, 101 (E.D.N.Y. 2021) (citing Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton, 841 F.3d 133, 143 (2d Cir. 2016)). As established above, none of Plaintiff's claims are likely to succeed on the merits. Furthermore, Courts have held that the public interest does not weigh in favor of granting injunctive relief where plaintiffs challenge a vaccine mandate. See We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 296 (2d Cir. 2021) (holding that plaintiffs failed to show that a preliminary injunction preventing implementation of a vaccine mandate serves the public interest). Further, punitive damages cannot be recovered from Defendant, because municipalities are immune from punitive damages. See O'Brien v. City of N.Y., Dep't of Educ., 2023 U.S. Dist. LEXIS 141745, at *55 (E.D.N.Y. 2023).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that its Motion to Dismiss the Complaint be granted in its entirety, that judgment in favor of Defendant be entered, and that Defendant be granted costs, fees, and expenses together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York  
March 21, 2024

**HON. SYLVIA O. HINDS-RADIX**  
Corporation Counsel of the City of New York  
*Attorney for Defendant*  
100 Church Street, Room 2-173  
New York, New York 10007  
(212) 356-2445  

By:      /s/ Madeleine A. Knutson  
        Madeleine A. Knutson  
        *Assistant Corporation Counsel*

## **CERTIFICATE OF COMPLIANCE**

Counsel of Record hereby certifies that pursuant to Rule 202.8-b of the Uniform Civil Rules for the Supreme Court and County Court, the enclosed memorandum of law was produced using 12-point Times New Roman type and, including footnotes and excluding the cover page, captions, table of authorities and table of contents, contains approximately 2,991 words, which is less than the total words permitted by the rules of the Court. Counsel relies on the word count function of the computer program used to prepare this brief.

Dated:    New York, New York
          March 21, 2024

                                      **HON. SYLVIA O. HINDS-RADIX**
                                      Corporation Counsel of the City of New York
                                      *Attorney for Defendant*
                                      100 Church Street, Room 2-173
                                      New York, New York 10007
                                      (212) 356-2445
                                      mknutson@law.nyc.gov

By:          /s/ Madeleine A. Knutson
                      Madeleine A. Knutson
                 *Assistant Corporation Counsel*