UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                      :

**MARIA RUSCELLI**,

                      Plaintiff,        **MEMORANDUM DECISION AND ORDER**

      – against –

                      23-CV-7475 (AMD) (LB)

**THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK**,

                      Defendant.

------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

       The *pro se* plaintiff alleges that the defendant, her former employer, discriminated against her on the basis of her religion when it denied her request for a religious exemption from the New York City Department of Education ("DOE")'s vaccine mandate requiring DOE employees to be vaccinated against COVID-19.[1]  Before the Court is the defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons explained below, the defendant's motion is granted.  The plaintiff's claims for religious discrimination under Title VII and violation of the First Amendment's free exercise clause, as well as stigma plus claim are dismissed for failure to state a claim.  The plaintiff's due process claims under the Fourteenth Amendment, claims under Education Law § 3020 and § 3020-A, and collusion and aiding and abetting claims under 42 U.S.C. § 1983 are dismissed based on *res judicata*.  The

---

[1] The Court treats the plaintiff's lawsuit against the DOE "as one against the City of New York, since the DOE 'is a non-suable agency of the City.'" *Broecker v. N.Y.C. Dep't of Educ.*, No. 23-655, 2023 WL 7485465, at *1 (2d Cir. Nov. 13, 2023) (citation omitted).

Court declines to exercise supplemental jurisdiction over the plaintiff's remaining state and city law claims.

## BACKGROUND[2]

The plaintiff was a tenured, special education teacher in good standing with the DOE from 2013 until her termination on March 17, 2022. (ECF No. 1 ¶¶ 7, 16, 35; ECF No. 20 at 55.)

In August 2021, the Commissioner of the New York City Department of Health and Mental Hygiene issued a vaccine mandate requiring all DOE employees to show proof of vaccination against COVID-19 by September 27, 2021. (ECF No. 1 at 29 (June 27, 2022 Award).)[3] The vaccine mandate did not include medical or religious accommodations. (*Id.* at 30 (June 27, 2022 Award).) The United Federation of Teachers and the Council of Supervisors and Administrators objected to the terms of the mandate. (*Id.*) They agreed to arbitration, and, in September 2021, Martin Scheinman, the arbitrator, issued an award that mandated "Leave Without Pay" as "a new term of employment," which "involuntarily removed all Department employees from their jobs if they did not submit a COVID vaccination card to the Department by October 4, 2021." (*Id.* ¶ 19; *see* ECF No. 20 at 80 (September 10, 2021 Award).)

---

[2] The facts are drawn from the complaint, the plaintiff's opposition, and documents that the plaintiff includes with the complaint or incorporates into the complaint by reference. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) ("[A] district court is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated into the complaint by reference." (citation omitted)). "[W]hen any allegations contradict the evidence contained in the documents relied upon by a plaintiff, the documents control, and the Court need not accept the allegations contained within the complaint as true." *Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25, 48 (S.D.N.Y. 2019) (quoting *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016)). The Court will not consider the plaintiff's April 18, 2024 letter (ECF No. 25) because it was not included in the briefing schedule set by the Court and the plaintiff did not request the Court's permission before filing the letter. (*See ECF Order dated Jan. 17, 2024.*)

[3] The Commissioner reissued the vaccine mandate for DOE employees on September 15, 2021. (ECF No. 20 at 76–79 (Sept. 15, 2021 Order).)

The arbitrator also established a process for employees to request religious or medical exemptions and to appeal any adverse determinations on those requests. (ECF No. 20 at 85–92 (September 10, 2021 Award).)[4] First, a DOE employee could submit an exemption request to the DOE. (*Id* at 88–89.) If the DOE denied the request, the employee could appeal the decision to an independent arbiter with the Scheinman Arbitration and Mediation Services ("SAMS"). (*Id* at 89–90.) The DOE's criteria for evaluating religious exemption requests, which were described in the arbitration award, included (1) whether the employee had a letter from clergy; (2) whether the leader of the employee's religion had spoken publicly in favor of the vaccine and; (3) whether the employee was a member of a recognized and established religious organization. (*Id.* at 88.) Employees granted exemptions would remain on the DOE's payroll but could not enter a school building while unvaccinated. (*Id.* at 92.)

On September 19, 2021, the plaintiff applied for a religious exemption based on her "Christian beliefs." (ECF No. 1 ¶ 20; ECF No. 20 at 52 (Religious Exemption Request).) She maintained that the vaccine violated her "deeply held religious and philosophical beliefs and related practices as well as personal autonomy and bodily integrity." She said that she could not "in good conscience be forced to partake of or support medicines manufactured by or tested on fetal cells and/or aborted babies as it is equivalent to supporting murder", and that the "forced injection of blood into the body . . . is also clearly forbidden by my faith." (ECF No. 20 at 53.)

The DOE notified her the next day that it was denying her request (ECF No. 1 ¶ 21), and that "the Department characterized her religious belief as presented as personal, political, and philosophical, and thus was not considered a legitimate reason to approve an exemption" (*id.*

---

[4] The DOE vaccine mandate, unlike other mandates, "permits both medical and religious accommodations." *Kane v. De Blasio*, 19 F.4th 152, 164 (2d Cir. 2021) (citing *We The Patriots USA, Inc. v. Hochul*, No. 21-2179, 17 F.4th 266, 272 (2d Cir. Nov. 4, 2021)).

3

¶ 24).  She appealed the decision, using the process established in the arbitration, citing "personal religious beliefs" as the basis for her exemption request.  (*Id.* ¶ 23; *id.* at 42 (Appeal of Denial of Religious Exemption Request).)  She maintained that the available vaccines were produced with "aborted fetal cell lines" and that "us[ing] any product that takes its origin in abortion" conflicts with her Christian beliefs.  (*Id.* at 42.)  The arbitrator affirmed the denial of the plaintiff's request, stating that "the Pfizer and Moderna vaccines do not use fetal cell lines for vaccine production and manufacturing and do not contain any animal byproducts or preservatives."  (*Id.* at 44 (Denial of Religious Exemption Request).)

On October 1, 2021, the DOE notified the plaintiff that she could not come into the school building and that it would place her on LWOP as of October 4, 2021.  (*Id.* ¶ 25.)[5]  The DOE also informed her that her fingerprints would be placed in the "problem code" database, "block[ing] her from getting any . . . salary from the Department[] and tag[ging] her file with misconduct."  (*Id.*)  The DOE removed her from its payroll on October 27, 2021.  (*Id.* ¶ 26.)

On November 17, 2021, the plaintiff and 82 former teachers who were terminated for refusing to comply by the vaccine mandate sued the defendant, teachers unions, and other parties.  *See generally Broecker v. N.Y.C. Dep't of Educ.*, 573 F. Supp. 3d 878, 883 (E.D.N.Y. Nov. 24, 2021), *aff'd*, No. 23-655, 2023 WL 7485465 (2d Cir. Nov. 13, 2023).[6]  The *Broecker* plaintiffs asserted due process claims under the Fourteenth Amendment, claims for violations of

---

[5] The plaintiff does not include the defendant's October 1, 2021 notice with her submission.

[6] The plaintiff alleges in the complaint that the she was a party in *Broecker v. N.Y.C. Dep't of Educ.*, No. 21-CV-6387 (E.D.N.Y. 2021). (ECF No. 1 ¶ 28 ("Plaintiff is named in the Broecker et al. v. New York City Department of Education et al lawsuit in this Court, Docket No. 21-CV-06387").)  The Court takes judicial notice of the litigation and the related filings incorporated into the complaint by reference, not for the truth of the matters asserted in the litigation.  *See Glob. Network Commc'ns Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

4

statutory and contractual rights under Education Law § 3020 and § 3020-A, and collusion and aiding and abetting claims under 42 U.S.C. § 1983. *Id.* at 881. They alleged, among other things, that the defendants in that case violated their constitutional right to due process without a post-deprivation hearing when they terminated the plaintiffs' employment for refusing to be vaccinated on religious grounds. *Id.* at 888. The district court dismissed the plaintiffs' claims, and the the Second Circuit affirmed. *Broecker*, 2023 WL 7485465, at *3.

On November 19, 2021, the defendant notified the plaintiff of an additional opportunity to appeal the denial of her religious exemption request to a citywide panel. (ECF No. 1 at 45 (November 19, 2021 email from the DOE's Division of Human Capital).)[7] On the same day, the plaintiff sought a religious exemption from the citywide panel. (*Id.* ¶ 30.)[8]

On January 7, 2022, the citywide panel emailed the plaintiff four questions:

> 1. Whether you have previously taken any vaccinations.
>
> 2. If you have stated that you have a personal religious aversion to foreign or other impermissible substances entering your body, please describe this with more clarity, including describing any other commonly used medicines, food/drink and other substances you consider foreign/impermissible or that violate your religious belief.
>
> 3. If you have stated that you cannot take the vaccine because of an objection to using derivative fetal cells in the development of a vaccine, please provide more information about your stated objection and whether there are other medications or vaccinations that you do not take because of this objection.
>
> 4. Any additional occasions you have acted in accordance with the cited belief outside the context of a COVID-19 vaccination, to the

---

[7] In *Kane v. DeBlasio,* the Second Circuit ordered that the plaintiffs challenging the vaccine mandate "receive fresh consideration of their requests for a religious accommodation by a central citywide panel . . . adher[ing] to the standards established by Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law." 19 F.4th at 176–77.

[8] The plaintiff includes a December 3, 2021 email from the defendant confirming receipt of her application to appeal (*id.* at 46), but does not include the application.

>   extent not previously described in the documentation already submitted.

(*Id.* at 47 (January 7, 2022 Email from the DOE's Human Resources Department).)[9]

On February 15, 2022, the citywide panel issued a final decision denying the plaintiff's request, and finding that the "DOE has demonstrated that it would be an undue hardship to grant this accommodation to appellant given the need for a safe learning environment for in person learning." (*Id.* ¶ 34.)[10]  The DOE terminated the plaintiff's employment effective on March 17, 2022. (*Id.* ¶ 35.)

The plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter on July 7, 2023. (*Id.* ¶ 12; *id.* at 18 (Right to Sue Letter).)  The EEOC determined that there was no evidence of a Title VII violation, and that the DOE established that the plaintiff's requested accommodation would have constituted more than a "minimal hardship." (*Id.* at 18.)  She commenced this action on October 5, 2023 (ECF No. 1), and the defendants moved to dismiss on December 20, 2023 (ECF No. 10).

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and

---

[9] The plaintiff does not state whether she answered any of these questions.

[10] The complaint states that the plaintiff received the final decision from the citywide panel on February 15, 2022. (*Id.* ¶ 34.)  However, the email with the final decision, which she attached to the complaint, is dated March 7, 2022. (*Id.* at 47.)

6

conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings are construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). The court must read *pro se* pleadings liberally. *See Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005) ("All complaints must be read liberally; dismissal on the pleadings never is warranted unless the plaintiff's allegations are doomed to fail under any available legal theory."). The court may also consider the factual allegations raised in a *pro se* plaintiff's opposition papers to the extent that those allegations are related to and are consistent with the complaint. *See Schwartz v. Middletown City Sch. Dist.*, No. 23-CV-01248, 2024 WL 1257095, at *1 n.4 (S.D.N.Y. Mar. 25, 2024) ("Courts in *pro se* cases routinely consider new facts raised in opposition papers to the extent that they are consistent with the complaint.").

Discrimination complaints are subject to a "lowered standard of review" at the motion to dismiss stage. *Ingrassia v. Health & Hosp. Corp.*, 130 F. Supp. 3d 709, 719 (E.D.N.Y. 2015). A plaintiff need not plead each element of a *prima facie* case to withstand a motion to dismiss. *Vega v. Hempstead Union School Dist.*, 801 F.3d 72, 84 (2d Cir. 2015). However, she must still provide "a short and plain statement of the claim that shows that [she is] entitled to relief and that gives the defendants fair notice of [her] claims . . . and the grounds upon which those claims rest." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007).

At the motion to dismiss stage, the court "is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated into the complaint by reference*.*" *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) (quoting *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)). The court may consider any "documents attached to the complaint as an exhibit or

7

incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in [the] plaintiff['s] possession or of which [the] plaintiff[ ] had knowledge and relied on in bringing suit," as long as the plaintiff relied on the "terms and effect of a document in drafting the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citing *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)). The court may also take judicial notice of documents publicly filed in other cases. *See Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000). A *res judicata* defense may be considered on a Rule 12(b)(6) motion "when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *Spoleto Corp. v. Ethiopian Airlines Grp.*, No. 21-CV-5407, 2022 WL 329265, at *5 (S.D.N.Y. Feb. 3, 2022), *aff'd*, 2022 WL 17574469 (2d Cir. Dec. 12, 2022).

The plaintiff includes exhibits with her complaint and opposition, including the EEOC right to sue letter, the Scheinman arbitration awards and other documents filed in the arbitration proceedings, the denial and appeals of her religious exemption request, documents filed in *Broecker v. N.Y.C. Dep't of Educ.*, No. 21-CV-6387 (E.D.N.Y. 2021), *Kane v. de Blasio*, Nos. 21-CV-7863, 21-CV-8773 (S.D.N.Y. 2022), and *Masciarelli v. N.Y.C. Dep't of Educ.*, No. 22-CV-07553 (E.D.N.Y. 2023), and the September 15, 2021 Order of the Commissioner of the New York City Department of Health and Mental Hygiene reinstating the COVID 19-vaccination mandate for DOE employees.[11] The Court considers these documents because the plaintiff relies on them and includes them with the complaint or incorporates them by reference. In addition, the Court considers the documents filed in other litigations, "not for the truth of the matters

---

[11] The Court does not use the alphabetical labels that the plaintiff uses for her exhibits because the labeling is inconsistent and some exhibits are not labeled.

8

asserted in the other litigation[s], but rather to establish the fact of such litigation[s] and related filings." *Glob. Network Commc'ns. Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

## DISCUSSION

The plaintiff claims religious discrimination under Title VII, violation of the First Amendment's free exercise clause, denial of due process, and deprivation of her liberty interest without due process. She also brings collusion and aiding and abetting claims under 42 U.S.C. § 1983 as well as various state and city law claims, including claims under the New York State Human Rights Law, New York City Humans Rights Law, New York Constitution, and Education Law § 3020 and § 3020-A, and a fraud in the inducement claim. The defendants contend that the plaintiff's claims are either without merit or barred by *res judicata*. For the reasons that follow, the plaintiff's complaint is dismissed.

## I.     Religious Discrimination for Failure to Accomodate[12]

Title VII makes it unlawful for an employer to discriminate against an employee or prospective employee based on religion. 42 U.S.C. § 2000e-2(a)(1); *see Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 74 (1977). "Religion" includes "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to

---

[12] The plaintiff does not appear to raise any other theories under Title VII. To the extent that the plaintiff also means to claim that "[her] employer treated [her] 'less favorably than a similarly situated employee outside h[er] protected group,'" *Tandian v. State Univ. of New York*, 698 F. Supp. 3d 425, 440 (N.D.N.Y. 2023), she does not identify any similarly situated employees who were treated differently in a way that suggests that the the defendant discriminated against her when it denied her request for an exemption. In her brief, the plaintiff cites a statement in Scheinman's September 10, 2021 award that "[e]xemption requests shall be considered for recognized and established religious organizations (e.g., Christian Scientists)," and points out that she "does not belong to the Christian Scientist faith." (ECF No. 20 at 16.) However, the "[p]laintiff has not alleged that these unknown co-workers who were granted religious exemptions held comparable sincerely held religious beliefs, yet the Review Panel denied her request." *Tandian*, 2023 WL 8827577, at *8.

9

reasonably accommodate . . . an employee's . . . religious observance or practice without undue hardship on . . . the employer's business." *Id.* § 2000e(j).

Title VII "directs an employer to 'reasonably accommodate' an employee's 'religious observance or practice,' unless such accommodations would impose 'undue hardship on the conduct of the employer's business.'" *Cagle v. Weill Cornell Med.*, No. 22-CV-6951, 2023 WL 4296119, at *3 (S.D.N.Y. June 30, 2023) (citing 42 U.S.C. § 2000e(j)). "To make out a *prima facie* case of religious discrimination under Title VII through a failure to accommodate, an employee must demonstrate that (1) she had a bona fide religious belief conflicting with an employment requirement, (2) she informed her employer of this belief, and (3) was disciplined for failing to comply with the employment requirement." *Id.* (citing *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001)). "If the employee is able to make out a *prima facie* case, the burden shifts to the employer to show that it either offered the employee a reasonable accommodation or that doing so would cause an undue burden." *Id.* (citing *Baker v. Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006)). "An accommodation presents an undue burden when the 'accommodation would result in substantial increased costs in relation to the conduct of [an employer's] particular business.'" *Groff v. DeJoy*, 600 U.S. 447, 470 (2023). To determine whether an employer would suffer an undue hardship, courts must "apply th[is] test in a manner that takes into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of an employer." *Id.* at 470–71. The defendant may raise "undue hardship" as an affirmative defense "in a pre-answer motion to dismiss when the facts establishing it are clear." *Lowman v. NVI LLC*, 821 F. App'x 29, 31 (2d Cir. 2020).

The parties do not dispute the first and second elements. (ECF No. 10-1 at 18.) The parties agree that the plaintiff, who is Christian, is a member of a protected class. (ECF No. 20 at 15; ECF No. 10-1 at 14–15.)[13] She informed the defendant of her Christian belief in her religious exemption applications. (ECF No. 1 at 42 ("Therefore as a faithful Christian, I cannot according to the Church tenets on conscience . . . use any product that takes its origin in abortion."); ECF No. 20 at 52 ("As a Christan believer this [vaccine] mandate violates my sincerely held religious and innately held beliefs as well as my right to individual and bodily integrity.").) As for the third element, the plaintiff was subject to a disciplinary action when she was terminated for refusing to be vaccinated against COVID-19.[14] Therefore, the plaintiff has plead sufficient facts to make a *prima facie* case for religious discrimination for a failure to accommodation under Title VII.

Next, the Court considers whether it would have been an undue burden for the defendant to accommodate the plaintiff. Although the plaintiff argues that "[a]t no time did the Defendant explain what the undue burden was when Plaintiff's appeals were denied" (ECF No. 20 at 25), she acknowledges in the complaint that her appeal was denied because "DOE has demonstrated that it would be an undue hardship to grant this accommodation to appellate given the need for a

---

[13] Although the defendant does not dispute the first element in its motion, the defendant raised at least some doubt as to whether the plaintiff's belief that the vaccine mandate conflicted with her religion was sincerely held when it denied her religious exemption request. (*See* ECF No. 1 ¶ 24 ("[T]he Department characterized her religious belief as presented as personal, political, and philosophical, and thus was not considered a legitimate reason to approve an exemption.").) On appeal, the arbitrator did not question the plaintiff's assertions about her beliefs; it disputed only the factual basis for the plaintiff's religious objection. (*Id.* ¶ 44 ("[T]he Pfizer and Moderna vaccines do not use fetal cell lines for vaccine production and manufacturing and do not contain any animal byproducts or preservatives.").)

[14] The defendant argues that enforcement of the vaccine mandate is not a disciplinary action. (ECF No. 10-1 at 18.) However, the defendant cites a state court decision, *Maniscalco v. Bd. of Educ. of the City Sch. Dist. of N.Y.C.*, 2022 NYLJ LEXIS 399, at *18 (N.Y. Sup. Ct. Apr. 26, 2022), which interprets "discipline" within the meaning of Education Law § 3020, not "disciplinary action" in the context of Title VII.

11

safe environment for in person learning" (ECF No. 1 ¶ 34). *See Bonilla v. City of New York*, No. 22-CV-7113, 2023 WL 8372859, at *5 (S.D.N.Y. Dec. 4, 2023) (The citywide panel's denial of the plaintiff's request was "not because it determined her religious belief was not sincerely held, but because the DOE 'demonstrated that it would be an undue hardship to grant this accommodation to appellant given the need for a safe environment for in-person learning.'" (citation omitted)); *Beickert v. N.Y.C. Dep't of Educ.*, No. 22-CV-5265, 2023 WL 6214236, at *5 (E.D.N.Y. Sept. 25, 2023) (observing that the "the Vaccine Mandate [is] a proper condition of employment" as part of undue burden analysis while dismissing the teacher plaintiff's Title VII claim against the DOE).

Nor does the plaintiff allege that she requested any accommodation at all in her applications for an religious exemption; rather, she requested only a blanket exemption. (*See* ECF No. 1 at 42; ECF No. 20 at 52–55.) It is only in her brief that she claims for the the first time that the defendant could have offered her a remote position at her home or in a designated office space to "keep employees who cannot be near children" separated from the students. (ECF No. 20 at 28.) Even if the Court considers this belated claim, it is not a reason to grant the plaintiff relief, because permitting the plaintiff to work remotely would have been an undue burden, especially given the plaintiff's position as a a special education teacher whose "in-person presence within a special education classroom would have been of paramount value and importance to effectively teach and attend to the individualized needs of her special needs students." *Beickert*, 2023 WL 6214236, at *6; *see also Groff*, 600 U.S. at 470–71 (directing courts to consider the nature of an employer's business when assessing whether an undue hardship exists); *Masciarelli v. N.Y.C. Dep't of Educ.*, No. 22-CV-7553, at 11 (E.D.N.Y. Jan. 19, 2024) (unreported) ("It is also worth noting that Masciarelli's position as a physical education

12

teacher seems particularly incompatible with remote instruction."). Nor was the plaintiff willing to be tested regularly for COVID or to quarantine if she tested positive for the virus; she characterizes those requirements as "discriminatory" against unvaccinated employees. (ECF No. 20 at 14–15.) Finally, she does not suggest or even mention masking as a potential accommodation. *See Masciarelli*, No. 22-CV-7553, at 11 (finding no undue hardship where the plaintiff mentioned masking and frequent testing as potential accommodations that the defendant could have offered). !

As explained above, the plaintiff's failure to accommodate claim is dismissed.

**II.    Free Exercise**

The plaintiff's free exercise claim must also be dismissed. A plaintiff claiming a free exercise violation must allege facts "showing that a government entity has burdened his sincere religious practice pursuant to a policy that is not neutral or generally applicable." *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525 (2022) (citation and internal quotation marks omitted). If a plaintiff can make that showing, the government must then "satisfy strict scrutiny by demonstrating its course was justified by a compelling state interest and was narrowly tailored in pursuit of that interest." *Id*. "[L]aws incidentally burdening religion are ordinarily not subject to strict scrutiny under the Free Exercise Clause so long as they are neutral and generally applicable." *Fulton v. City of Philadelphia*, 593 U.S. 522, 533 (2021).

To the extent that the plaintiff argues that the vaccine mandate is facially unconstitutional, the Second Circuit has already found that "[t]he Vaccine Mandate, in all its iterations, is neutral and generally applicable," and that the vaccine mandate applicable to DOE employees does not violate the First Amendment. *Kane v. De Blasio*, 19 F.4th 152, 164–66 (2d Cir. 2021). Because "the City had a rational basis for mandating vaccinations, namely, in order

13

to allow schools to continue in person safely, [the] plaintiff['s] Free Exercise Claim fails." *Kane*, 623 F. Supp. 3d at 358.  As discussed above, the citywide panel denied her religious exemption request because the DOE "demonstrated that it would be an undue hardship to grant this accommodation to [the plaintiff] given the need for a safe environment for in-person learning," and thus, had a rational basis for the denial.  Therefore, the plaintiff "has not pleaded sufficient facts to suggest that the citywide panel's review process, as applied to her, was not neutral or generally applicable."  *Bonilla*, 2023 WL 8372859, at *5.

Accordingly, the free exercise claim is dismissed.

**III.   Stigma Plus**

Nor has the plaintiff adequately pleaded a deprivation of her liberty interest without due process of law or a "stigma plus" claim.  "For a government employee, a cause of action under Section 1983 for deprivation of a liberty interest without due process of law may arise when an alleged government defamation occurs in the course of dismissal from government employment."  *Peres v. Oceanside Union Free Sch. Dist.*, 426 F. Supp. 2d 15, 27 (E.D.N.Y. 2006) (citing *Patterson v. City of Utica*, 370 F.3d 322, 330 (2d. Cir. 2004)).  To make out a plausible "stigma plus" claim, the plaintiff must show (1) that the government made stigmatizing statements that call the plaintiff's "good name, reputation, honor, or integrity" into question, (2) that these statements were made public, and (3) that the statements were made "concurrently in time" to the plaintiff's dismissal.  *Id.*  "However, a finding of a violation of an employee's liberty interest is appropriate only if the terminating agency's officials made [the stigmatizing] statements about the terminated employee without affording the employee a hearing at which to rebut those charges."  *Thomas v. Held*, 941 F. Supp. 444, 450 (S.D.N.Y. 1996) (citing *Wisconsin*

14

*v. Constantineau*, 400 U.S. 433, 436 (1971); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 446 (2d Cir. 1980)).

The plaintiff alleges that the defendant deprived her of her liberty interest under the Fourteenth Amendment by including her fingerprints in the "problem code" database, which prevented her from "getting a salary for any position at the Department" (ECF No. 1 ¶ 4) and caused her to be "wrongfully, maliciously, and in bad faith terminated and stigmatized permanently" (*id.* ¶ 3). The plaintiff does not allege that the problem code database is public or otherwise available to anyone outside of the DOE. *See Alterescu v. N.Y.C. Dep't of Educ.*, No. 21-CV-925, 2022 WL 3646050, at *10 (S.D.N.Y. Aug. 23, 2022) ("[C]ourts within this Circuit have conclusively rejected [the p]laintiff's argument that placement of [the plaintiff's] name in the DOE's ineligible list . . . or Problem Code list . . . is sufficient to satisfy the public dissemination requirement." (citations and internal quotation marks omitted)); *Arroyo v. N.Y.C. Dep't of Educ.*, No. 19-CV-7416, 2020 WL 4570380, at *14 (S.D.N.Y. Aug. 6, 2020) (dismissing the plaintiff's stigma plus claim because the DOE problem code database is not made public to future employers); *White v. City of New York*, No. 13-CV-7156, 2014 WL 4357466, at *13 (S.D.N.Y. Sept. 3, 2014) ("[B]ecause Plaintiff fails to allege facts indicating that the 'ineligible/inquiry' . . . list[] were public to future employers, she fails to state a 'stigma plus' claim.").

Accordingly, the plaintiff's stigma plus claim is dismissed.

**IV.   *Res Judicata***

The defendant argues that the plaintiff's due process claims, claims under Education Law § 3020 and § 3020-A, and collusion and aiding and abetting claims under 42 U.S.C. § 1983 are barred by *res judicata* because they were brought in the earlier action, *Broecker*, 573 F. Supp. 3d

15

878. The plaintiff argues that the Court should permit her claims to proceed because "the new information about each of these issues are, and have been . . . presented as new and different" and the earlier action "never pled the Problem Code." (ECF No. 20 at 25.)

"*Res judicata*, or claim preclusion, dictates that 'a final judgment on the merits in one action bars subsequent relitigation of the same claim by the same parties.'" *Toth v. N.Y.C. Dep't of Educ.*, No. 21-CV-4245, 2023 WL 121733, at *4 (E.D.N.Y. Jan. 5, 2023) (quoting *Greenberg v. Bd. of Governors of Fed. Rsrv. Sys.*, 968 F.2d 164, 168 (2d Cir. 1992)).  The party raising the *res judicata* defense must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).[15]

### a. Adjudication on the Merits

With respect to the first element, the dismissal of the plaintiff's due process claims in *Broecker v. N.Y.C. Dep't of Educ.* was on the merits.  In *Broecker*, the court considered all of the plaintiff's claims and dismissed the case for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Broecker v. N.Y.C. Dep't of Educ.*, No. 21-CV-6387, 2023 WL 2710245, at *9 (E.D.N.Y. Mar. 30, 2023) ("the Court will incorporate its analysis to find on the merits that Plaintiffs' Amended Complaint fails to state viable claims . . ."). "For purposes of the doctrine of res judicata, a 'dismissal for failure to state a claim is a final judgment on the merits.'" *Brodsky v. N.Y.C. Campaign Fin. Bd. by Weisman*, 796 F. App'x 1, 4 (2d Cir. 2019) (citing *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)).

---

[15] "A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014).

16

The *Broecker* action resulted in an adjudication on the merits, and, therefore, the defendant has satisfied the first element of *res judicata.*

b. **Involving the Parties or Those in Privity**

Both New York and federal courts have rejected a "formalistic approach" to privity, considering instead whether the new defendants share an interest with those named in the first action. *Chase Manhattan Bank, N.A. v. Celotex Corp.,* 56 F.3d 343, 346 (2d Cir. 1995). "It is well settled in this circuit that literal privity is not a requirement for res judicata to apply." *Monahan*, 214 F.3d at 285. "Instead, a party will be bound by the previous judgment if his 'interests were adequately represented by another vested with the authority of representation.'" *Id.* (citation omitted).

In the earlier action, the plaintiff was one of 83 former teachers who sued the defendant, along with teachers unions and other parties, alleging that termination of their employment for refusing to comply with the vaccine mandate due to their religious beliefs violated their constitutional right to due process without a post-deprivation hearing. *See Broecker*, 573 F. Supp. 3d at 881; *see also Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist.*, 506 F. App'x 65, 68 (2d Cir. 2012) (finding privity between current or former agents or employees of a school district).

The earlier action involved the same plaintiff, the same defendant, and parties in privity with the plaintiff and defendant. Accordingly, the second element is satified.

c. **Claims Were Asserted in the Prior Action**

To determine whether the claims asserted in this action were or could have been raised in the earlier actions, the Court must "consider whether the second lawsuit concerns 'the same claim — or nucleus of operative facts — as the first suit,' applying three considerations: '(1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the

17

underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations.'" *Soules v. Conn. Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018) (citation omitted).

In the *Broecker* action, the plaintiff asserted the same due process claims under the Fourteenth Amendment, claims of violations of statutory and contractual rights under Education Law § 3020 and § 3020-A, and collusion and aiding and abetting claims under 42 U.S.C. § 1983 "stemm[ing] from the same disciplinary proceedings and involv[ing] the same essential facts." *Morales v. N.Y.C. Dep't of Educ.*, 808 F. App'x 35, 37 (2d Cir. 2020).  Moreover, "[t]he instant case and the [earlier case] are predicated on nearly identical facts — implementation of the vaccine mandate, the rejection of plaintiffs' claimed religious objections, and their subsequent termination." *Dipietro v. N.Y. State Unified Ct. Sys.*, No. 22-CV-7943, 2024 WL 1235630, at *4 (E.D.N.Y. Feb. 14, 2024).

The plaintiff does not dispute that these claims were raised in the prior action, nor has she explain why she should be allowed to bring them again.  Accordingly, the third element is satisfied.

The plaintiffs' due process claims under the Fourteenth Amendment, claims under Education Law § 3020 and § 3020-A, and collusion and aiding and abetting claims under 42 U.S.C. § 1983 are thus barred by *res judicata*.

**V.     State and City Law Claims**

I decline to exercise jurisdiction over the plaintiff's claims under NYCHRL, NYSHRL, and the New York Constitution, and fraud in the inducement claim.  "Where a court dismisses all claims over which it has original jurisdiction, it may, in its discretion, decline to exercise supplemental jurisdiction over remaining claims." *Wolfinger v. Consolidated Edison Co. of New York, Inc.*, No. 17-CV-1710, 2018 WL 3637964, at *12 (E.D.N.Y. July 31, 2018) (citing 42

18

U.S.C. § 1367(c)(3)).  In deciding whether to exercise supplemental jurisdiction, district courts should balance the values of judicial economy, convenience, fairness, and comity.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 123 (2d Cir. 2006) ("[F]ederal policy concerns may argue in favor of exercising supplemental jurisdiction even after all original-jurisdiction claims have been dismissed.").

The Court has dismissed all federal claims in this action and declines to exercise supplemental jurisdiction over the plaintiff's remaining state and city law claims.  *Klein & Co. Futures. Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006) ("[W]here, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.").

## CONCLUSION

For these reasons, the defendant's motion to dismiss is granted.  Accordingly, the complaint is dismissed with prejudice.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
September 3, 2024