UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

MARIA RUSCELLI,

                     Plaintiff    DOCKET NO. 23-CV-07475 (AMD)(LB)

    -against-

                                           **F.R.C.P. RULE 60(b)(1)(2)(3)
                                           MOTION TO ALTER AND
                                           AMEND THE SEPTEMBER 5,
                                           2024 JUDGMENT**

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK,

                     Defendants

---------------------------------------------------------------x

Pro Se PLAINTIFF MARIA RUSCELLI, ("Plaintiff") files this Motion to obtain the right to file an Amended Complaint after her case was dismissed in an error-filled Judgment filed on September 5, 2024.

Plaintiff uses F.C.R.P. Rule 60(b)(1)(2)(3) to make this argument:

- Rule 60(b)(1),(2): the Order made a reversible error in allowing the Defendant to deny Plaintiff's request for a religious accommodation on the basis of "undue hardship" without any particulars required by a recent decision in Groff v DeJoy, No. 22-174 (Jan. 13, 2023). If a plaintiff satisfies her burden to allege a prima facie case of religious discrimination, as Plaintiff did in this case, the burden shifts to the employer "to show that it cannot reasonably accommodate the plaintiff without undue hardship on the conduct of the employer's business." *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985), *aff'd and*

*remanded*, 479 U.S. 60 (1986). An accommodation is an undue burden when it is "substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). This, too, is a "fact-specific inquiry," which requires the Court to analyze "all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size, and operating cost of an employer." *Id.* at 468, 470-71.

- Rule 60(b)(1): the Order made a reversible error in not giving the Defendant the burden of proof for declaring "more than a minimal hardship" as the final decision of the Citywide Panel in support of denying Plaintiff her religious exemption/accommodation request. Plaintiff never had the burden of proof. The Defendant did not prove anything and this was an intentional denial of due process under Title VII and Groff v DeJoy that Judge Donnelly did not correctly rule on;

- Rule 60(b)(1),(3): the Order dismisses the fraud claim made by Plaintiff, yet validates the Scheinman Arbitration Award which required all those people who wanted to refrain from getting vaccinated to hand in "religious exemptions" to the NYC Department of Education. Plaintiff wrote, "Plaintiff does not belong to the Christian Scientist faith, and her religious beliefs are personal. She did not fit into the Scheinman criteria for getting a religious exemption (she was misled by the semantics used by Scheinman, and thought religious exemption was the same as religious accommodation). Clearly the criteria prescribed by the Award is discriminatory, and Scheinman and Defendant showed intent in creating this Award and the Appeals procedure. It was all subterfuge."

On p. 11 of her Opposition to the Motion To Dismiss, Plaintiff once again wrote about the Constitutional procedure that was her right, and gave her both property and liberty rights to her employment, namely Ed. Law §§3020 and 3020-a:

"Defendant used subterfuge, secret documents and deals to fraudulently mislead excellent tenured employees such as Plaintiff to their employment doom. New York courts have consistently found that when public employers have any discretion to terminate or change a public worker's employment, the employee is entitled to procedural due process. Plaintiff, a tenured employee of the NYC Department of Education (NYC DOE), has a constitutionally protected property and liberty interest in her continued employment. See Cleveland Bd. of Educ. v Loudermill, 470 U.S. 532, 538 (1985). This interest is created and defined by independent sources such as state law and contract. See Bd.of Regents v. Roth, 408 U.S. 564, 577 (1972); Catterson v. Caso, 472 F. Supp. 833, 838 (E.D.N.Y. 1979) and Federal Laws such as the First, Fourth, Fifth, and 14th Amendments to the Constitution."

Plaintiff viewed her request for a religious exemption as a request for a religious accommodation, but the Order states that Plaintiff never requested an accommodation and thus agrees with the fraud created by Martin Scheinman,. Plaintiff relied on his Award and was punished for doing that;

- Rule 60(b)(3): The Order ignores Plaintiff's arguments that there was fraud, by omitting any mention that the Arbitration Award was thrown out by the Court of Appeals and the Citywide Appeals Panel was equally deficient in supporting any due process. Plaintiff submitted Exhibits B, C, D, H, K, which individually and collectively show that neither the Scheinman Arbitration Award nor the Citywide Panel were anything more than "sham" procedures designed to deceive and thwart Plaintiff in her effort to be heard. An arbitrator cannot issue an award where the "award itself violates a well-defined constitutional, statutory or common law of this State". (Matter of New York City Tr. Auth. v. Transport Workers Union of Am. Local 100, AFL-CIO, 99 N.Y.2d 1). Education Law 3020

and 3020-a are public policy in New York State, and are considered Constitutional due process when discipline is charged. In fact, Education Law 3020-a clearly defines exactly the hearing procedure needed to honor the due process for a tenured teacher such as Plaintiff (see Sections 1 and 2). The *Broecker* Plaintiffs were blocked by the judge from arguing the "sham" of the Scheinman Award. But Mr. Scheinman himself apologized for creating out of thin air the LWOP, and he strenuously argued in his June 27, 2022 Award (Exhibit D) that all tenured teachers should have been given a 3020-a due process hearing. See also the Scher letter Exhibit C on that issue. Indeed, Ex. D does not challenge the DOE's existing ability to assign educators to responsibilities that do not require in-person contact with students or to suspend them WITH pay pending disciplinary charges 3020-a. The Defendant's false argument is that anything to do with vaccinations, even alleged misconduct, is somehow excluded from all existing procedures. This is simply absurd.

- Rule 60(b)(1): the Order ignores the fact that Education Law §3020, §3020-a(2)(a) and the procedures stated in Sections 1 and 2 are Constitutional, public policy in New York State, and cannot be waived or bargained away. Tenure Law is a federal right to due process that is protected by the Due Process Clause of the U.S. Constitution, gives a property and liberty right to continued employment, and guarantees no reduction in salary or termination without a due process pre-and post hearing. Plaintiff in this case never received a fair pre-termination hearing. This is what she wants to prove in an Amended Complaint. The Tenure Law, enacted in 1897, was trashed by the City of New York in order

to fire municipal workers without due process during the pandemic. But this violation of law did not make the law disappear. The New York State Legislature codified these laws and this particular procedure in the 1800's, and held on to these due process rights as law for many years, despite countless challenges for change. A Plaintiff can seek redress through Section 1983 if "the Plaintiff asserts the violation of a federal right, not merely a violation of Federal Law." Blessing v. Freestone, 520 U.S. 329, 340(1997.)

- Rule 60(b)(1),(3): the Order should not have dismissed the Stigma Plus claim, as Plaintiff submitted many exhibits that show the Problem Code is not a secret, and the Defendant deliberately uses this Code on her file to call her good name, reputation, honor and integrity into question without a hearing at which she could rebut the Code. The Order ignores Exhibits G, H, H(b).

- Rule 60(b)(1),(3): In Broecker, the Plaintiff's failed to sustain a claim to due process using Education Law §3020 and §3020-a because there was no mention or pleading on the problem code. This should have allowed Plaintiff to proceed her case because there is no res judicata here.

- Rule 60(b)(2): in the case of Sara Coombs-Moreno et al., v the City of New York et al., (Coombs-Moreno v. City of New York, 22-CV-02234(EK)(LB) (E.D.N.Y. Sep. 25, 2024)) Judge Edward Komitee ordered the case dismissed except for a single Plaintiff, Amoura Bryan, who argued against being terminated after she submitted a sincere religious exemption request to the Arbitrators and was denied:

Judge Komitee wrote,

"Additionally, Ms. Bryan pleads that "for exercising her religious practice" — that is, for declining to be vaccinated — she was placed on leave without pay. Id. ¶ 142.

These allegations, while highly general, are sufficient at this stage. And the assessment of whether the City could have reasonably accommodated Ms. Bryan without undue hardship is a fact-intensive assessment that cannot be determined from within the four corners of the complaint. See Groff, 600 U.S. at 468.

Therefore, Ms. Bryan's Title VII claim may proceed, but only against certain municipal defendants: the City and the Department of Education (because, as noted above, individuals may not be liable under Title VII).

Plaintiff Bryan Has Alleged a Prima Facie Case of Religious Discrimination Under the NYCHRL.

Like Title VII, the City's Human Rights Law requires a plaintiff to allege a bona fide religious belief to make out a prima facie case of discrimination. Specifically, under the NYCHRL, a plaintiff must demonstrate that "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." Weber v. City of New York, 973 F.Supp.2d 227, 263 (E.D.N.Y. 2013) (collecting cases). Ms. Bryan is the only plaintiff who articulates a prima facie NYCHRL religious-discrimination claim. She (a) articulates a bona fide belief in the "biblical practice" of plant-based medicine; (b) pleads that she told her employers about this belief; and (c) alleges retaliation for refusal to receive vaccination. FAC ¶¶ 138-142. These claims meet the threshold for Ms. Bryan to proceed under the NYCHRL at this stage. No other plaintiffs, however, approach even this low pleading bar. See Lugo v. City of New York, 518 Fed.Appx. 28, 30 (2d Cir. 2013) ("While the NYCHRL is indeed reviewed independently from and more liberally than federal or state discrimination claims, it still requires a showing of some evidence from which discrimination can be inferred."); Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).

At the next step of NYCHRL analysis, the burden shifts to the employer "to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision." Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 305 (N.Y. 2004). Here, defendants cannot carry that burden. At the motion to dismiss stage, the Court may only consider the facts in the FAC, which pleads that plaintiff's religion was not accommodated. See FAC ¶¶ 138-42; Davis v. Boeheim, 24 N.Y.3d 262, 268 (N.Y. 2014). Thus, Ms. Bryan's NYCHRL claim may proceed.

Bryan's NYCHRL Claim May Proceed Against Certain Municipal Defendants
Under the NYCHRL, an employer like New York City is liable for the conduct of its employee or agent "only where": (1) "the employee or agent exercised managerial or supervisory responsibility;" (2) "the employer knew of [an]

employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action . . ."; or (3) the employer "should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent [it]." N.Y.C. Admin. Code § 8-107(13)(b).
Here, the third factor is easily satisfied at this stage: the City cannot (and does not) contend that it lacked knowledge of the vaccine mandate, the absence of a religious exemption therefrom, or the consequences of non-compliance. Thus, Ms. Bryan's NYCHRL claim is proper against the City of New York and the Department of Education."

Judge Komitee's Order is dated September 25, 2024, and Amoura Bryan has the same claims concerning a lack of due process as Plaintiff Ruscelli has in this case. More importantly, Amoura Bryan was also a named Plaintiff in the Broecker case. Plaintiff's Claims that she was blocked from getting relief in this case due to res judicata must be reconsidered.

Plaintiff requests the opportunity to Amend her Complaint in order to enlarge the Constitutional due process argument and her denial of that due process as a matter of justice and equity ("the usual practice is to grant leave to amend the complaint" when a motion to dismiss is granted, Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999)) Plaintiff requests that she has 30 days to submit an Amended Complaint from the date of an Order from this Court.

Dated: September 30, 2024.

/s/Maria Ruscelli

CC: NAME of ATTORNEY

    Corporation Counsel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____x

MARIA RUSCELLI,

                          Plaintiff     DOCKET NO. **23-CV-07475 (AMD)(LB)**

  -against-

                                       **F.R.C.P. RULE 60(b)(1)(2)(3)
                                       MOTION TO ALTER AND
                                       AMEND THE SEPTEMBER 5,
                                       2024 JUDGMENT**

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK,

                          Defendants

_____x

Pro Se PLAINTIFF MARIA RUSCELLI, ("Plaintiff") files this Motion to obtain the right to file an Amended Complaint after her case was dismissed in an error-filled Judgment filed on September 5, 2024.

Plaintiff uses F.C.R.P. Rule 60(b)(1)(2)(3) to make this argument:

- Rule 60(b)(1),(2): the Order made a reversible error in allowing the Defendant to deny Plaintiff's request for a religious accommodation on the basis of "undue hardship" without any particulars required by a recent decision in Groff v DeJoy, No. 22-174 (Jan. 13, 2023). If a plaintiff satisfies her burden to allege a prima facie case of religious discrimination, as Plaintiff did in this case, the burden shifts to the employer "to show that it cannot reasonably accommodate the plaintiff without undue hardship on the conduct of the employer's business." *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985), *aff'd and*

*remanded*, 479 U.S. 60 (1986). An accommodation is an undue burden when it is "substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). This, too, is a "fact-specific inquiry," which requires the Court to analyze "all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size, and operating cost of an employer." *Id.* at 468, 470-71.

- Rule 60(b)(1): the Order made a reversible error in not giving the Defendant the burden of proof for declaring "more than a minimal hardship" as the final decision of the Citywide Panel in support of denying Plaintiff her religious exemption/accommodation request. Plaintiff never had the burden of proof. The Defendant did not prove anything and this was an intentional denial of due process under Title VII and Groff v DeJoy that Judge Donnelly did not correctly rule on;

- Rule 60(b)(1),(3): the Order dismisses the fraud claim made by Plaintiff, yet validates the Scheinman Arbitration Award which required all those people who wanted to refrain from getting vaccinated to hand in "religious exemptions" to the NYC Department of Education. Plaintiff wrote, "Plaintiff does not belong to the Christian Scientist faith, and her religious beliefs are personal. She did not fit into the Scheinman criteria for getting a religious exemption (she was misled by the semantics used by Scheinman, and thought religious exemption was the same as religious accommodation). Clearly the criteria prescribed by the Award is discriminatory, and Scheinman and Defendant showed intent in creating this Award and the Appeals procedure. It was all subterfuge."

On p. 11 of her Opposition to the Motion To Dismiss, Plaintiff once again wrote about the Constitutional procedure that was her right, and gave her both property and liberty rights to her employment, namely Ed. Law §§3020 and 3020-a:

"Defendant used subterfuge, secret documents and deals to fraudulently mislead excellent tenured employees such as Plaintiff to their employment doom. New York courts have consistently found that when public employers have any discretion to terminate or change a public worker's employment, the employee is entitled to procedural due process. Plaintiff, a tenured employee of the NYC Department of Education (NYC DOE), has a constitutionally protected property and liberty interest in her continued employment. See Cleveland Bd. of Educ. v Loudermill, 470 U.S. 532, 538 (1985). This interest is created and defined by independent sources such as state law and contract. See Bd.of Regents v. Roth, 408 U.S. 564, 577 (1972); Catterson v. Caso, 472 F. Supp. 833, 838 (E.D.N.Y. 1979) and Federal Laws such as the First, Fourth, Fifth, and 14th Amendments to the Constitution."

Plaintiff viewed her request for a religious exemption as a request for a religious accommodation, but the Order states that Plaintiff never requested an accommodation and thus agrees with the fraud created by Martin Scheinman,. Plaintiff relied on his Award and was punished for doing that;

- Rule 60(b)(3): The Order ignores Plaintiff's arguments that there was fraud, by omitting any mention that the Arbitration Award was thrown out by the Court of Appeals and the Citywide Appeals Panel was equally deficient in supporting any due process. Plaintiff submitted Exhibits B, C, D, H, K, which individually and collectively show that neither the Scheinman Arbitration Award nor the Citywide Panel were anything more than "sham" procedures designed to deceive and thwart Plaintiff in her effort to be heard. An arbitrator cannot issue an award where the "award itself violates a well-defined constitutional, statutory or common law of this State". (Matter of New York City Tr. Auth. v. Transport Workers Union of Am. Local 100, AFL-CIO, 99 N.Y.2d 1). Education Law 3020

and 3020-a are public policy in New York State, and are considered Constitutional due process when discipline is charged. In fact, Education Law 3020-a clearly defines exactly the hearing procedure needed to honor the due process for a tenured teacher such as Plaintiff (see Sections 1 and 2). The *Broecker* Plaintiffs were blocked by the judge from arguing the "sham" of the Scheinman Award. But Mr. Scheinman himself apologized for creating out of thin air the LWOP, and he strenuously argued in his June 27, 2022 Award (Exhibit D) that all tenured teachers should have been given a 3020-a due process hearing. See also the Scher letter Exhibit C on that issue. Indeed, Ex. D does not challenge the DOE's existing ability to assign educators to responsibilities that do not require in-person contact with students or to suspend them WITH pay pending disciplinary charges 3020-a. The Defendant's false argument is that anything to do with vaccinations, even alleged misconduct, is somehow excluded from all existing procedures. This is simply absurd.

- Rule 60(b)(1): the Order ignores the fact that Education Law §3020, §3020-a(2)(a) and the procedures stated in Sections 1 and 2 are Constitutional, public policy in New York State, and cannot be waived or bargained away. Tenure Law is a federal right to due process that is protected by the Due Process Clause of the U.S. Constitution, gives a property and liberty right to continued employment, and guarantees no reduction in salary or termination without a due process pre-and post hearing. Plaintiff in this case never received a fair pre-termination hearing. This is what she wants to prove in an Amended Complaint. The Tenure Law, enacted in 1897, was trashed by the City of New York in order

to fire municipal workers without due process during the pandemic. But this violation of law did not make the law disappear. The New York State Legislature codified these laws and this particular procedure in the 1800's, and held on to these due process rights as law for many years, despite countless challenges for change. A Plaintiff can seek redress through Section 1983 if "the Plaintiff asserts the violation of a federal right, not merely a violation of Federal Law." Blessing v. Freestone, 520 U.S. 329, 340(1997.)

- Rule 60(b)(1),(3): the Order should not have dismissed the Stigma Plus claim, as Plaintiff submitted many exhibits that show the Problem Code is not a secret, and the Defendant deliberately uses this Code on her file to call her good name, reputation, honor and integrity into question without a hearing at which she could rebut the Code. The Order ignores Exhibits G, H, H(b).

- Rule 60(b)(1),(3): In Broecker, the Plaintiff's failed to sustain a claim to due process using Education Law §3020 and §3020-a because there was no mention or pleading on the problem code. This should have allowed Plaintiff to proceed her case because there is no res judicata here.

- Rule 60(b)(2): in the case of Sara Coombs-Moreno et al., v the City of New York et al., (Coombs-Moreno v. City of New York, 22-CV-02234(EK)(LB) (E.D.N.Y. Sep. 25, 2024)) Judge Edward Komitee ordered the case dismissed except for a single Plaintiff, Amoura Bryan, who argued against being terminated after she submitted a sincere religious exemption request to the Arbitrators and was denied:

Judge Komitee wrote,

"Additionally, Ms. Bryan pleads that "for exercising her religious practice" — that is, for declining to be vaccinated — she was placed on leave without pay. Id. ¶ 142.

These allegations, while highly general, are sufficient at this stage. And the assessment of whether the City could have reasonably accommodated Ms. Bryan without undue hardship is a fact-intensive assessment that cannot be determined from within the four corners of the complaint. See Groff, 600 U.S. at 468.

Therefore, Ms. Bryan's Title VII claim may proceed, but only against certain municipal defendants: the City and the Department of Education (because, as noted above, individuals may not be liable under Title VII).

Plaintiff Bryan Has Alleged a Prima Facie Case of Religious Discrimination Under the NYCHRL.

Like Title VII, the City's Human Rights Law requires a plaintiff to allege a bona fide religious belief to make out a prima facie case of discrimination. Specifically, under the NYCHRL, a plaintiff must demonstrate that "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." Weber v. City of New York, 973 F.Supp.2d 227, 263 (E.D.N.Y. 2013) (collecting cases). Ms. Bryan is the only plaintiff who articulates a prima facie NYCHRL religious-discrimination claim. She (a) articulates a bona fide belief in the "biblical practice" of plant-based medicine; (b) pleads that she told her employers about this belief; and (c) alleges retaliation for refusal to receive vaccination. FAC ¶¶ 138-142. These claims meet the threshold for Ms. Bryan to proceed under the NYCHRL at this stage. No other plaintiffs, however, approach even this low pleading bar. See Lugo v. City of New York, 518 Fed.Appx. 28, 30 (2d Cir. 2013) ("While the NYCHRL is indeed reviewed independently from and more liberally than federal or state discrimination claims, it still requires a showing of some evidence from which discrimination can be inferred."); Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).

At the next step of NYCHRL analysis, the burden shifts to the employer "to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision." Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 305 (N.Y. 2004). Here, defendants cannot carry that burden. At the motion to dismiss stage, the Court may only consider the facts in the FAC, which pleads that plaintiff's religion was not accommodated. See FAC ¶¶ 138-42; Davis v. Boeheim, 24 N.Y.3d 262, 268 (N.Y. 2014). Thus, Ms. Bryan's NYCHRL claim may proceed.

Bryan's NYCHRL Claim May Proceed Against Certain Municipal Defendants
Under the NYCHRL, an employer like New York City is liable for the conduct of its employee or agent "only where": (1) "the employee or agent exercised managerial or supervisory responsibility;" (2) "the employer knew of [an]

employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action . . ."; or (3) the employer "should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent [it]." N.Y.C. Admin. Code § 8-107(13)(b).

Here, the third factor is easily satisfied at this stage: the City cannot (and does not) contend that it lacked knowledge of the vaccine mandate, the absence of a religious exemption therefrom, or the consequences of non-compliance. Thus, Ms. Bryan's NYCHRL claim is proper against the City of New York and the Department of Education."

Judge Komitee's Order is dated September 25, 2024, and Amoura Bryan has the same claims concerning a lack of due process as Plaintiff Ruscelli has in this case. More importantly, Amoura Bryan was also a named Plaintiff in the Broecker case. Plaintiff's Claims that she was blocked from getting relief in this case due to res judicata must be reconsidered.

Plaintiff requests the opportunity to Amend her Complaint in order to enlarge the Constitutional due process argument and her denial of that due process as a matter of justice and equity ("the usual practice is to grant leave to amend the complaint" when a motion to dismiss is granted, Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999)) Plaintiff requests that she has 30 days to submit an Amended Complaint from the date of an Order from this Court.

Dated: September 30, 2024.

/s/Maria Ruscelli    09/30/2024

CC: NAME of ATTORNEY

Corporation Counsel