FORM 1

NOTICE OF APPEAL

* * * * * * * * * * *

UNITED STATES DISTRICT COURT
FOR THE
_____ DISTRICT OF _____



RECEIVED
FEB 02 2026
PRO SE OFFICE

Maria Ruscelli, Plaintiff
v.
The Department of Education of The City of Nueva York, Defendant

NOTICE OF APPEAL

Docket No. 23-CV-7475 (AMD) (MMH)

Notice is hereby given that Maria Ruscelli
(party)

hereby appeals to the United States Court of Appeals for the Second Circuit from the decision (describe it)

Notice is hereby given that Plaintiff in the above-captioned case hereby appeals to the United States Court of Appeals for the Second Circuit from the Memorandum and Order entered on January 7, 2026, dismissing Plaintiff's Amended Complaint in its entirety with prejudice. This appeal is taken from each and every part of the January 7, 2026 Memorandum and Order.

entered in this action on the 7 day of January, 20 26

Signature: [signed] Ruscelli

Maria Ruscelli
Printed Name

2550 Independence Ave 3M
Address

Bronx, NY 10463

(917) 805-1232
Telephone No. (with area code)

Date: 02/02/2026

REC'D IN PRO SE OFFICE
FEB 2 '26 PM 4:43

Maria Ruscelli v. New York City Department of Education of the City of New York - 23 -CV-7475

FORM 1

Notice is hereby given that Plaintiff in the above-captioned case hereby appeals to the United States Court of Appeals for the Second Circuit from the Memorandum and Order entered on January 7, 2026, dismissing Plaintiff's Amended Complaint in its entirety with prejudice. This appeal is taken from each and every part of the January 7, 2026 Memorandum and Order.

At the Rule 12(b)(6) stage, the Court must accept Plaintiff's well-pleaded allegations as true and draw all reasonable inferences in Plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Lynch v. City of New York, 952 F.3d 67, 75 (2d Cir. 2020). Courts in this Circuit consistently reverse dismissal where the district court resolves factual disputes against the plaintiff at the pleading stage. See McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004).

Plaintiff alleges that she was subjected to adverse governmental action resulting in professional, financial, and constitutional injury for which she has not been compensated.

Plaintiff alleges that after she requested a religious accommodation, Defendant placed a "Problem Code" on her personnel file, deeming her ineligible for continued employment, effectively labeling her guilty of misconduct, and preventing her access to reinstatement, payroll, and other professional benefits. Whether Plaintiff received a meaningful process, including appeals or access to Citywide Panel review, is a fact-intensive inquiry not suitable for resolution on a motion to dismiss. See Hu v. City of New York, 927 F.3d 81, 92 (2d Cir. 2019) (comparator and procedural details are matters for discovery).

By presuming Plaintiff received the same procedural opportunities as other DOE employees and that existing DOE procedures "in theory" satisfied constitutional requirements, Judge's Order resolved disputed facts and drew inferences in Defendant's favor. This is improper at the Rule 12

Maria Ruscelli v. New York City Department of Education of the City of New York - 23 -CV-7475

stage. See McKenna, 386 F.3d at 436 ("On a Rule 12 motion, the defendant cannot defeat plaintiff's claim by submitting its own version of the facts.").

The Order also faulted Plaintiff for not identifying additional details regarding similarly situated employees. Such additional detail is not required at the pleading stage; discovery exists precisely to supply comparator information and procedural evidence not accessible to a pro se litigant. See Hu v. City of New York, 927 F.3d 81, 88–92 (2d Cir. 2019) ("a plaintiff need not plead detailed comparator allegations to survive a motion to dismiss").

The Order dismisses Plaintiff's due process and § 3020-a claims on the premise that the COVID-19 vaccine mandate constituted a valid "condition of employment" such that no disciplinary process was required and never mention of any disciplinary action. That conclusion is legally and factually incorrect.

Plaintiff argued in her Complaint that New York's tenure system guarantees a property interest in continued employment. See Holt v. Bd. of Educ. of the Webutuck Cent. Sch. Dist., 52 N.Y.2d 625, 630–31 (1981); Matter of Abramovich v. Bd. of Educ., 46 N.Y.2d 450, 455–56 (1979). Where a property interest exists, the Constitution prohibits deprivation without due process. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985). New York codifies that requirement: "No person enjoying the benefits of tenure shall be disciplined or removed during a term of employment except for just cause and in accordance with the procedures specified in section 3020-a of this article." Educ. Law § 3020(1).

Neither the UFT-DOE collective bargaining agreement nor Education Law provides that vaccination constitutes a condition of employment. The UFT did not ratify vaccination as a mandatory employment condition for tenured teachers, nor did DOE negotiate such a

Maria Ruscelli v. New York City Department of Education of the City of New York - 23 -CV-7475

requirement. The Department of Health's September 15, 2021 directive regarding COVID-19 vaccination explicitly preserved the rights of covered employees and did not amend the Education Law or the parties' labor contract.

Despite this, Defendants treated Plaintiff as though her continued employment were contingent upon vaccination and placed a "Problem Code" on Plaintiff's personnel file, rendering her ineligible for continued employment, blocking rehire, and designating her as guilty of misconduct without hearing or review. Placement on leave without pay was not merely administrative; it operated as a disciplinary measure that terminated salary, barred reinstatement, and triggered stigma-plus consequences well recognized in this Circuit. See, e.g., Segal v. City of New York, 459 F.3d 207, 212–13 (2d Cir. 2006) ("stigma plus" deprivation triggers due process protections).

The Order adopts the Defendant's characterization that Plaintiff was not "disciplined," relying on cases such as Broecker and O'Reilly, which involved employees placed on leave without pay. Those cases are distinguishable because they did not involve (1) tenured property interests, (2) misconduct designations, or (3) stigmatizing personnel flags rendering the employee unemployable.

Moreover, disciplinary procedures need not be formally labeled as such to trigger due process obligations. Where the state takes action that deprives a tenured employee of salary and continued employment while assigning fault, due process protections attach. See Loudermill, 470 U.S. at 542 ("[the] right to due process is conferred not by the grace of the state but by existing rules that secure interests").

Maria Ruscelli v. New York City Department of Education of the City of New York - 23 -CV-7475

Under the Second Circuit, due process is triggered where (1) the government imposes a stigmatizing designation and (2) alters a legal status or occupational right without a pre-termination and post-termination hearing. See Segal v. City of New York, 459 F.3d 207, 212–13 (2d Cir. 2006). Plaintiff was flagged with a "Problem Code, and this action satisfy both stigma and plus because the "Problem Code" is not secret.

Procedural due process requires that a tenured public employee receive a meaningful opportunity to be heard before being deprived of a protected property interest. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542–46 (1985). The Order concludes that Plaintiff's due process rights were satisfied because she was permitted to apply and later reapply for a religious accommodation. That conclusion overlooks critical allegations and misapplies the governing standard.

Under Mathews v. Eldridge, 424 U.S. 319 (1976), courts evaluate (1) the private interest at stake, (2) the risk of erroneous deprivation as the risk of, and (3) the government's interest and burdens. The plaintiff's religious accommodation request was never considered at any time.

A process that is not implemented in good faith cannot constitute a constitutionally adequate substitute for statutory due process protections such as The Scheinman Arbitration Award. The Scheinman Arbitration Award was thrown out of the court of appeals and the court on November 28, 2021.

In addition, Plaintiff alleges that Defendant's denial of her religious accommodation and subsequent termination was motivated by disfavor toward her religious beliefs and convictions, while employees with similar beliefs were accommodated or reinstated. The Constitution forbids government actors from disfavoring particular religious viewpoints. See Trinity Lutheran Church

of Columbia, Inc. v. Comer, 582 U.S. 449, 458 (2017) ("[T]he Free Exercise Clause guards against government hostility to religious observance."). Disparate treatment based on religion is subject to heightened scrutiny, and dismissal at the pleading stage is improper where plaintiff alleges facts giving rise to discriminatory intent.

The Order incorrectly concluded that Plaintiff did not plausibly plead an as-applied First Amendment Free Exercise claim and a failure-to-accommodate claim. However, the Order significantly understates the scope of the violations alleged and improperly cabins the claim to mere denial of religious accommodation, without addressing the coercive, punitive, and discriminatory consequences that followed Plaintiff's refusal to violate her sincerely held religious beliefs. See Sherbert v. Verner, 374 U.S. 398, 404 (1963).

The Order also assumes that the religious accommodation process was constitutionally adequate in theory. Plaintiff alleges that, as applied, the process was non-neutral, not generally applicable, selectively administered, and not implemented in good faith.

Because retaliation claims turn on motive and require factual development, dismissal at the pleading stage is improper. The R&R should be modified to permit Plaintiff's retaliation theory to proceed to discovery.

At minimum, disputed accrual dates, continuing discriminatory consequences, and post-termination exclusion raise factual questions that cannot be resolved at the pleading stage.

The Defendant has fought tooth and nail to persuade this Court that their hoax, basically claiming police power to deprive Plaintiff and all municipal workers of their due process rights to religious accommodation to remain working while unvaccinated. Their argument has been

Maria Ruscelli v. New York City Department of Education of the City of New York - 23 -CV-7475

recently thrown out as invalid as a matter of law. "In the Matter of Frank Schimenti v City of New York et al., Second Department Appellate Division Index No. 85075/22 (January 14, 2026):

> "the City respondents did not establish that providing the petitioner with a religious exemption from the vaccine mandate would impose an undue hardship (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d at 835; cf. Matter of Hughes v New York City Fire Dept., ____ AD3d ____, 2025 NY Slip Op 07007; Walrond v New York City Health & Hosps. Corp., 240 AD3d 933). Thus, the Citywide Panel's determination was arbitrary and capricious or made in violation of lawful procedure (see CPLR 7803[3]; cf. Matter of Lebowitz v Board of Educ. of the City Sch. Dist. of the City of N.Y., 220 AD3d 537, 537).